446 So.2d 1074 (1984)
STATE of Florida, Petitioner,
v.
Martin Wayne LINDSEY and Allen Scott Brasher, Respondents.
No. 62498.
Supreme Court of Florida.
March 8, 1984.
Jim Smith, Atty. Gen. and Russell S. Bohn, Asst. Atty. Gen., West Palm Beach, for petitioner.
Richard L. Jorandby, Public Defender; and Margaret Good and Cherry Grant, Asst. Public Defenders, Fifteenth Judicial Circuit, West Palm Beach, for respondents.
BOYD, Justice.
This cause is before the Court on petition for review of the decision of the district court of appeal in Lindsey v. State, 416 So.2d 471 (Fla. 4th DCA 1982). The State of Florida seeks review and we have accepted jurisdiction on the ground of conflict of decisions. Art. V, § 3(b)(3), Fla. Const.
Respondents were charged in a three-count information with the following offenses: (1) burglary in the course of which the offenders committed an assault; (2) robbery while carrying a weapon; and (3) false imprisonment. The defendants filed motions to dismiss, which were denied. *1075 The evidence showed that the defendants and two other men planned a burglary. One of the men was a police informant, so the police knew about the burglary in advance. The perpetrators entered the targeted residence at night, knowing that it was occupied at the time. They forced their way into a bedroom where one of the residents had sought to hide and avoid a confrontation. They threatened to cut off her finger if necessary to remove her ring. They bound and gagged her. They cut her leg with a knife. They removed money and jewelry from the house. Because the police knew about the crime in advance they were there to meet the robbers when they exited the house to depart. The jury returned verdicts of guilt on all three counts.
On appeal, the district court held that the first count of the information, which charged the crime of burglary with an assault, was deficient in that it did not allege the facts constituting the assault, but merely stated that an assault was committed upon the occupant of the house. The district court ordered that the judgment of conviction on count one be changed from first-degree to second-degree burglary and remanded for resentencing.[*]
The state argues that the district court erred in finding count one of the information defective. We agree. The respondents rely in part on Florida Rule of Criminal Procedure 3.140(d)(1), which provides as follows:
(1) Allegation of Facts; Citation of Law Violated. Each count of an indictment or information upon which the defendant is to be tried shall allege the essential facts constituting the offense charged. In addition, each count shall recite the official or customary citation of the statute, rule, regulation or other provision of law which the defendant is alleged to have violated. Error in or omission of the citation shall not be ground for dismissing the count or for a reversal of a conviction based thereon if the error or omission did not mislead the defendant to his prejudice.
While the rule arguably requires that offenses be charged only through allegations of ultimate facts rather than conclusory statements couched in statutory terms, we decline to hold that the rule fatally invalidates the form of the aggravated burglary charge used here. In State v. Dilworth, 397 So.2d 292 (Fla. 1981), we said:
An information must be quashed for vagueness on a motion to dismiss only if it is "so vague, indistinct and indefinite as to mislead the accused and embarrass him in the preparation of his defense or expose him after conviction or acquittal to substantial danger of a new prosecution for the same offense."
*1076 397 So.2d at 293 (quoting Fla.R.Crim.P. 3.140(o)). We have recently recognized that unless one of the problems referred to in the Dilworth opinion appears, a charging document framed substantially in the language of the statute defining the offense is usually sufficient. State v. Waters, 436 So.2d 66 (Fla. 1983); State v. Covington, 392 So.2d 1321 (Fla. 1981); Martinez v. State, 368 So.2d 338 (Fla. 1978).
In State v. Waters we held that an information charging burglary is not always required to specify the offense which the accused is alleged to have intended to commit. In reaching the decision, we reasoned as follows:
The early cases establishing the requirement of detailed specificity in indictments and informations were decided long before this Court adopted broad reciprocal discovery procedures. Our present discovery rules provide defendants with a much better means for avoiding surprise or embarrassment in the preparation of a defense than just the terms utilized in a charging document. Further, trial courts have the authority to remedy a lack of definiteness by granting a defendant's motion for a statement of particulars. Fla.R.Crim.P. 3.140(n).
436 So.2d at 69.
The district court stated in its opinion that respondents' motions for statements of particulars were denied. However, we have found, and respondents concede, that this was not so. Each respondent filed two motions for statement of particulars. The first motions requested the state to detail the specific time and place of the alleged crimes. The state filed answers to both of these motions. The second set of motions requested a description of the specific acts allegedly committed by each of the respondents. Contrary to the district court's statement that these motions were denied, the record fails to show any action was taken by the trial judge. Moreover, there is nothing in the record to indicate that the respondents followed up on their motions by asking the trial judge to order the state to comply with their requests. Therefore we find that respondents were not denied the opportunity to utilize available procedures to apprise themselves of the specific acts they were alleged to have committed.
Respondents argue that the question is not whether the information was vague, but rather whether it was completely void for failure to allege all the essential elements of the crime charged. We find that the information did allege all the essential elements of first-degree burglary, including the element that an assault was committed during the course of the crime.
We therefore quash the decision of the district court of appeal holding to the contrary.
The district court, while giving respondents the appellate relief discussed above, rejected their other point on appeal in which they argued that their convictions for false imprisonment were reversible error because the acts of confinement were incidental to the commission of the offense of robbery or to the assault element of the aggravated burglary offense. Lindsey v. State, 416 So.2d at 473-74. The respondents now argue that this latter ruling by the district court of appeal was error. We disagree. The offense of false imprisonment was proved by evidence that the intruders confined the victim by tying her up with rope. It was entirely separate from the element of force exerted in committing the robbery and from the element of assault relied upon to aggravate or enhance the offense of burglary. See Faison v. State, 426 So.2d 963 (Fla. 1983). Moreover, even if there were elements of factual proof common to two or more of the crimes, it is not clear that this would entitle respondents to the relief they seek since the matter of what statutory crimes were committed by the respondents' acts is purely one of legislative intent. See 775.021(4), Fla.Stats. (1979); Borges v. State, 415 So.2d 1265 (Fla. 1982). We therefore approve the decision of the district court of appeal on this second issue.
The decision of the district court of appeal is quashed in part and approved in *1077 part and remanded with directions to reinstate the convictions and sentences for the first-degree felony of burglary.
It is so ordered.
ALDERMAN, C.J., and OVERTON, McDONALD, EHRLICH and SHAW, JJ., concur.
NOTES
[*] Section 810.02, Florida Statutes (1979), provides:

(1) "Burglary" means entering or remaining in a structure or a conveyance with the intent to commit an offense therein, unless the premises are at the time open to the public or the defendant is licensed or invited to enter or remain.
(2) Burglary is a felony of the first degree, punishable by imprisonment for a term of years not exceeding life imprisonment or as provided in s. 775.082, s. 775.083, or s. 775.084, if, in the course of committing the offense, the offender:
(a) Makes an assault upon any person.
(b) Is armed, or arms himself within such structure, with explosives or a dangerous weapon.
(3) If the offender does not make an assault or is not armed, or does not arm himself, with a dangerous weapon or explosive as aforesaid during the course of committing the offense and the structure entered is a dwelling or there is a human being in the structure or conveyance at the time the offender entered or remained in the structure or conveyance, the burglary is a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084. Otherwise, burglary is a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
Count I of the information in this case charged that the defendants,
on the 26th day of July, A.D. 1979, in the County and State aforesaid, did unlawfully enter or remain in a structure, to-wit: a dwelling, located at 2320 Northeast 33rd Street, Lighthouse Point, property of Leroy and Lois Eger, with intent to commit the offense of Robbery therein, and in the course thereof did make an assault upon Lois Eger, contrary to F.S. 810.02(1) and F.S. 810.02(2), and F.S. 812.13(2)(b)[.]