599 So.2d 1362 (1992)
Robert CHAELD, Appellant,
v.
STATE of Florida, Appellee.
No. 91-254.
District Court of Appeal of Florida, First District.
May 18, 1992.
Richard A. Greenberg, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Amelia L. Beisner, Asst. Atty. Gen., Tallahassee, for appellee.
ALLEN, Judge.
The appellant, Robert Chaeld, appeals his conviction for false imprisonment, asserting as error the trial court's denial of his request for a jury instruction based upon Faison v. State, 426 So.2d 963 (Fla. 1983). Concluding that Faison is inapplicable to the circumstances presented in this case, we affirm.
The appellant was charged by information with false imprisonment and simple battery in violation of Sections 787.02 and 784.03, Florida Statutes. The evidence at trial revealed the following sequence of events. On October 6, 1990, the appellant followed a woman to the pool area of her apartment complex. While she swam, the appellant watched her, tried to engage her in conversation and commented about her physical appearance. When she left, the appellant followed her to her apartment door and asked for her phone number. In an effort to induce him to leave, the woman gave the appellant her answering service phone number. Seemingly satisfied, he started to walk away, but then returned and approached the woman's open door. When the woman stepped away and tried to walk around the appellant, he grabbed her by the arms and tried to pull her into her apartment. The woman resisted and screamed, and, ultimately, the appellant let her go and left the building. He was arrested shortly thereafter when the woman identified him to a police officer who responded to her call.
*1363 During the charge conference, the appellant's counsel requested this jury instruction:
If the confinement or restraint is committed in conjunction with another crime, the crime of false imprisonment is committed only if the restraint or confinement is (a) not slight, inconsequential or merely incidental to the other crime; (b) is not inherent in the nature of the other crime; and (c) has some significance independent of the other crime in that it makes the other crime substantially easier to commit or substantially lessens the risk of detection.
He argued that the instruction, based upon language approved for use in some kidnapping cases in Faison v. State, 426 So.2d 963, 965 (Fla. 1983), logically applies to false imprisonment cases as well. Counsel argued, alternatively, that if the judge found the instruction's reference to "the other crime" inappropriate, he should nevertheless instruct the jury: "In order to be false imprisonment, the confinement or restraint must not be slight or inconsequential." Such an instruction would emphasize counsel's position that if the restraint of the victim is de minimis, false imprisonment has not been proved. The judge denied counsel's requests and gave the jury the standard instruction on false imprisonment:
Before you can find [the appellant] guilty of false imprisonment, the State must prove the following three elements beyond a reasonable doubt: Number one, that [the appellant] did unlawfully, forcibly, by threat or secret confine, abduct, imprison or restrain [the victim] against her will. Two, [the appellant] had no lawful authority. Three, [the appellant] acted for any purpose other than to commit or facilitate commission of any felony, inflict bodily harm upon, or to terrorize the victim or another person.
See Fla.Std. Jury Instr. (Crim.) at 94b. The jury later found the appellant guilty as charged of false imprisonment and simple battery.
The statutory elements of kidnapping are similar to those of false imprisonment.[1] Comparison of the two offenses shows that kidnapping requires proof that the defendant acted with the specific intent to (1) hold the victim for ransom or as a hostage; (2) commit or facilitate the commission of a felony; (3) inflict bodily harm upon the victim or terrorize the victim or another; or (4) interfere with the performance of a governmental function. In contrast, false imprisonment requires proof that the defendant acted "with any purpose other than" the enumerated four. Although the wording of the false imprisonment statute might suggest that the crime requires proof of some specific intent, the supreme court has held otherwise. In State v. Sanborn, 533 So.2d 1169, 1170 (Fla. 1988), the court held that the "general intent" of the false imprisonment statute is included in the "specific intent" of the kidnapping statute, and, thus, false imprisonment is a necessarily lesser included offense of the crime of kidnapping. Sanborn specifically disapproved of Williamson v. State, 510 So.2d 335, 337 (Fla. 4th DCA 1987), which held that scienter is an essential element of false imprisonment and that an intent other than one of the four kidnapping motives must be alleged and proved at trial in order to convict a defendant of the crime. But see Shelby v. State, 541 So.2d 1219, 1221 (Fla. 2d DCA 1989) (holding that it is error to omit from the standard false imprisonment instruction the "acted for any purpose other than [the kidnapping motives]" language because if the evidence shows *1364 that the only purpose of the restraint was to commit or facilitate the commission of a felony, the defendant may be not guilty of false imprisonment); and Sigler v. State, 590 So.2d 18, 20 (Fla. 4th DCA 1991) (same).
The instruction the appellant requested derives from language approved by the supreme court in Faison for use in some kidnapping cases. Faison approved of the analysis in Harkins v. State, 380 So.2d 524, 528 (Fla. 5th DCA 1980), a case in which the defendant was convicted of second degree murder, kidnapping and two counts of sexual battery after the victim's body was found on a bed equipped with restraining devices. Harkins argued that his kidnapping conviction could not stand because any confinement of the victim was merely incidental to the sexual batteries and the murder. Construing § 787.01(1)(a)2 of the kidnapping statute, the Harkins court observed that the legislature could not have intended to convert every first degree robbery and forcible rape into two life felonies. It therefore held that the "confining ... with intent to commit or facilitate commission of any felony" language does not include movement or confinement that is inconsequential or inherent in the nature of the referenced felony. The Faison court agreed and adopted this test, taken from State v. Buggs, 219 Kan. 203, 547 P.2d 720 (1976):
If a taking or confinement is alleged to have been done to facilitate the commission of another crime, to be kidnapping the resulting movement or confinement: (a) Must not be slight, inconsequential and merely incidental to the other crime; (b) Must not be of the kind inherent in the nature of the other crime; and (c) Must have some significance independent of the other crime in that it makes the other crime substantially easier of commission or substantially lessens the risk of detection.
Faison, 426 So.2d at 965. This so-called Faison instruction must be given upon the defendant's request whenever the state charges kidnapping with the intent to commit or facilitate the commission of a felony under § 787.01(1)(a)2. Carron v. State, 427 So.2d 192, 193 (Fla. 1983); Kennedy v. State, 564 So.2d 1127, 1130 (Fla. 1st DCA 1990). See also Fla.Std. Jury Instr. (Crim.) at 94. It has no application when the charge alleges that the defendant kidnapped the victim with any of the other specific intentions identified in § 787.01(1)(a)1, 3 or 4. See Bedford v. State, 589 So.2d 245, 251 (Fla. 1991) (holding that a defendant charged with kidnapping with the intent to inflict bodily harm upon or terrorize the victim is not entitled to a Faison instruction).
Because the Faison instruction is implicated only when the state is attempting to prove a kidnapping with the intent to commit or facilitate the commission of a felony, and the crime of false imprisonment by definition and as interpreted by the supreme court in Sanborn does not require proof of such intent, we conclude that the judge properly denied the appellant's request for a Faison instruction. We note, however, probable conflict with Keller v. State, 586 So.2d 1258, 1261-62 (Fla. 5th DCA 1991); Perez v. State, 566 So.2d 881, 883 (Fla. 3d DCA 1990); and Hrindich v. State, 427 So.2d 212, 213 (Fla. 5th DCA), petition for rev. dismissed, 431 So.2d 989 (Fla. 1983).
Finally, we also affirm the judge's denial of the appellant's alternative request to instruct the jury that he could not be found guilty of false imprisonment if his restraint of the victim was only slight or inconsequential. Florida's false imprisonment statute "does not require that the force or the restraint be substantial." Rather, proof of "some amount of force" to restrain the victim is sufficient. Proko v. State, 566 So.2d 918, 920 (Fla. 5th DCA 1990).
Accordingly, the appellant's conviction for false imprisonment is affirmed.
ZEHMER and BARFIELD, JJ., concur.
NOTES
[1] Section 787.01(1)(a) defines kidnapping as follows:

The term "kidnapping" means forcibly, secretly, or by threat confining, abducting, or imprisoning another person against his will and without lawful authority, with intent to: 1. Hold for ransom or reward or as a shield or hostage. 2. Commit or facilitate commission of any felony. 3. Inflict bodily harm upon or to terrorize the victim or another person. 4. Interfere with the performance of any governmental or political function.
Section 787.02(1)(a) defines false imprisonment in this manner:
The term "false imprisonment" means forcibly, by threat, or secretly confining, abducting, imprisoning, or restraining another person without lawful authority and against his will with any purpose other than those referred to in s. 787.01.