676 So.2d 1013 (1996)
Curtis FORMOR, Appellant,
v.
STATE of Florida, Appellee.
No. 94-2883.
District Court of Appeal of Florida, Fifth District.
June 21, 1996.
Robert J. Nesmith, Orlando, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Anthony J. Golden, Assistant *1014 Attorney General, Daytona Beach, for Appellee.
THOMPSON, Judge.
Curtis Formor was convicted of six counts of kidnapping with intent to commit a felony and six counts of home invasion robbery while wearing a mask. He appeals his convictions and argues two errors on appeal. His first argument is that the state's circumstantial evidence case failed to present sufficient evidence of guilt. The state presented evidence of a single fingerprint on an outside door which was accessible to the public, his wife's statement to detectives that he committed the crime, and Formor's statement that he was at one location four days after the crime was committed. His second argument is that he should not have been sentenced for the kidnapping counts because the movement of the victims was insignificant. The six victims were moved three to six feet from bedrooms to bathrooms. We affirm as to the home invasion robbery charges and reverse as to the kidnapping charges.
Formor was convicted of robbing six tourists at two motels .8 of a mile apart on International Drive in Orlando. The robberies occurred on 8 February 1994. All of the robberies occurred within one hour, and two of the robberies occurred at the same motel. Although the witnesses' stories conflicted, all of the witnesses agreed to these facts: Two black men wearing ski masks, and carrying either one or two sawed-off shotguns, entered a total of three unlocked guest rooms at the Ramada Inn and the Quality Inn. They ordered the victims at gunpoint to get on the floor or be killed. After robbing the victims, the men ordered them into the bathroom of each motel room, and told them not to come out or they might be killed. The victims stayed in the bathrooms while the robbers went through their luggage and valuables. Both robbers were about six feet tall and in their late 20's to mid-30's.
None of the victims could identify the robbers after the crimes. Several victims thought the robbers were black solely because of speech characteristics, but one victim testified that she could see their skin complexion because they were gloveless and wearing short pants. One victim thought that each robber had a shotgun whereas other victims said there was only one shotgun present. One victim said one of the robbers had on short pants and the other victims said both robbers had on long pants. At the scene of the two Quality Inn robberies, the police lifted one fingerprint, identified as Formor's, from the door entering one of the motel rooms. None of the victims' valuables or the shotgun was recovered.
Several weeks after the robbery, Raquel Formor, Formor's wife, called the sheriff's department and stated she wanted to give information anonymously about the robberies. She twice met with the detective and implicated her husband and his cousin. Based upon her testimony and the fingerprint, Formor was arrested. Later, at a bond hearing, she changed her story and said Formor was home in bed with her at the time the robberies occurred. She was charged, prosecuted and entered a plea of nolo contendere to perjury as a result of her testimony at the bond hearing. At Formor's trial, she testified that she only contacted the police because she had a boyfriend and she wanted to get rid of her husband.
The jury also heard a taped statement from Formor. After detectives arrested Formor, they read him his Miranda warnings and questioned him. He denied involvement in the robberies, but he did say he had been at the Ramada Inn, he thought, on only one occasion, to look at motel rooms. The occasion was his birthday, he told the detectives, and he was there with his wife looking at rooms. The detectives, however, learned that Formor's birthday occurred four days after the robberies.
After the state presented its case, Formor moved for a judgment of acquittal which the trial court denied. Formor presented three alibi witnesses who testified he was helping his cousin move on the date of the robberies. The court denied Formor's motion for judgment of acquittal at the conclusion of the case.
Formor's first argument is that his fingerprint alone is not sufficient to convict him, since he admitted being at the location other *1015 than during the crime. He emphasizes that he was never identified by any of the victims. Since he was not identified, he argues, the state did not produce sufficient competent evidence of his guilt, and his motion for judgment of acquittal should have been granted. We disagree and hold that there was sufficient evidence to present the matter to the jury. See Lynch v. State, 293 So.2d 44, 45 (Fla.1974); State v. Law, 559 So.2d 187 (Fla.1989).
We agree with the general principle that a single fingerprint, found in a place accessible to the public before a crime was committed, is insufficient to convict the defendant. See e.g. Lee v. State, 640 So.2d 126 (Fla. 1st DCA 1994); Wilkerson v. State, 232 So.2d 217 (Fla. 2d DCA 1970); Ivey v. State, 176 So.2d 611 (Fla. 3d DCA 1965). Obviously, if the place is accessible to the public, the defendant could have put his fingerprint there before the crime was committed. Nevertheless, the state can negate this general principle by meeting one requirement: that the only time the print could have been placed there was at the time of the crime. The state must establish that "[t]he fingerprint evidence sufficiently met the requirement that where it is relied on to establish identity, the circumstances must be such that the print could have been made only at the time the crime was committed." Tirko v. State, 138 So.2d 388 (Fla. 3d DCA 1962). In this case, Formor admitted that he had been at the Ramada only once, on 12 February 1994, or four days after the crimes were committed. He told detectives that the occasion was his birthday, which is why be remembered the date so clearly. It is evident that the jury, faced with contradictory stories, believed Formor was present at the time of the crime, otherwise it would have been impossible for his fingerprint to have been lifted by the evidence technician. See Walker v. State, 656 So.2d 950 (Fla. 5th DCA 1995). Accordingly, the state met the requirement by proving that the print could only have been made at the time the crime was committed. Because the fingerprint evidence, along with the other evidence, was sufficient to withstand his motion for judgement of acquittal, we affirm the robbery convictions.
We reverse the convictions for kidnapping, however, because the movement of the victims was slight and incidental to the crimes of robbery. In Faison v. State, 426 So.2d 963 (Fla.1983), the Florida Supreme Court set forth a three prong test to determine if the acts of a defendant are incidental to a primary charge or constitute the separate crime of kidnapping. The court stated that the movement or confinement: (a) must not be slight, inconsequential and merely incidental to the other crime; (b) must not be of the kind inherent in the nature of the other crime; and (c) must have some significance independent of the other crime in that it makes the other crime substantially easier of commission or substantially lessens the risk of detection. Id. at 965. Here, the facts do not support the first prong of Faison. The limited movement and confinement of the victims within the bathrooms was minimal, insignificant and merely incidental to the crime of robbery. See Berry v. State, 668 So.2d 967, 969 (Fla.1996) (holding that there can be no kidnapping where confinement is that which naturally accompanies felony, and, kidnapping conviction may not stand where defendant confines victim by moving victim to different room in apartment, closing door, and ordering victim not to come out); Ferguson v. State, 533 So.2d 763 (Fla.1988).
AFFIRMED in part; REVERSED in part; REMANDED for resentencing.
COBB and GRIFFIN, JJ., concur.