771 So.2d 1233 (2000)
Paul Larry TAYLOR, Appellant,
v.
STATE of Florida, Appellee.
No. 2D99-4222.
District Court of Appeal of Florida, Second District.
November 3, 2000.
James Marion Moorman, Public Defender, and Bruce P. Taylor, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and John M. Klawikofsky, Assistant Attorney General, Tampa, for Appellee.
PARKER, Acting Chief Judge.
Paul Larry Taylor appeals his convictions and sentences for attempted robbery and false imprisonment imposed after a jury trial. We affirm Taylor's conviction for attempted robbery and the application of the prison releasee reoffender act to his sentence; however, we reverse his conviction for false imprisonment and remand for the trial court to impose an amended judgment and sentence.
The testimony at Taylor's trial revealed that the victim was delivering several bags of groceries to her aunt who lived in an apartment building. The victim entered a darkened laundry room in the building to get a cart to help carry the bags. As the victim started out of the laundry room, Taylor, who had apparently been hiding in the laundry room, grabbed her from behind causing her to lose her balance. The victim fell from inside the darkened laundry room into the lighted exposed hallway directly in front of the stairway and the elevator. Taylor held the victim down, told her to shut her mouth or he would kill her, and began trying to pull her necklace from her neck. The victim testified that *1234 she did not believe that she would have been able to get away from Taylor, but she admitted that she did not try.
The victim's husband, alerted by the noise, came to the victim's assistance. He testified that when he saw the victim, she was on the floor with Taylor over her and with Taylor's arm around her neck. At that point, Taylor fled the scene with the victim's broken necklace. The victim was upset and shaken but otherwise uninjured. Taylor was captured by police within fifteen minutes and was positively identified by the victim's husband. The victim's broken necklace was later found some distance away.
Taylor contends that the trial court should have granted his motion for judgment of acquittal on the false imprisonment charge because the State's evidence did not meet the requirements of Faison v. State, 426 So.2d 963 (Fla.1983). We agree.
In Faison, the supreme court set out a test for determining when a charge of kidnaping could stand in addition to charges of other forcible felonies. This test arose from a concern that a literal reading of the kidnaping statute would result in a kidnaping conviction with every forcible felony conviction. Id. at 965. The supreme court later applied this same test to false imprisonment charges. See State v. Lindsey, 446 So.2d 1074 (Fla.1984). Under Faison, the State must establish three requirements before a conviction for kidnaping or false imprisonment can stand in association with other forcible felonies:
[I]f a taking or confinement is alleged to have been done to facilitate the commission of another crime, to be kidnapping the resulting movement or confinement:
(a) Must not be slight, inconsequential and merely incidental to the other crime;
(b) Must not be of the kind inherent in the nature of the other crime; and
(c) Must have some significance independent of the other crime in that it makes the other crime substantially easier of commission or substantially lessens the risk of detection.
Faison, 426 So.2d at 965. The first requirement means that kidnaping or false imprisonment cannot exist when the only confinement involved is the sort that, while not necessary to the underlying felony, is likely to accompany it. See Berry v. State, 668 So.2d 967, 969 (Fla.1996). So, for example, when the confinement accompanying a robbery begins and ends with the robbery itself, the confinement will generally not support a charge of kidnaping. Id. See also Rohan v. State, 696 So.2d 901, 904 (Fla. 4th DCA 1997).
In this case, the evidence against Taylor fails to meet two of the three requirements of Faison. First, the evidence fails to establish that the confinement of the victim was not merely incidental to the attempted robbery. The confinement in this case began and ended with the attempted robbery and was of the sort likely to accompany a robbery. Therefore, the evidence failed to satisfy the first requirement of Faison. Second, the "movement" of the victim from the darkened laundry room into the lighted hallway actually increased the risk of detection. Moreover, there was no evidence that the force used had any significance independent of the attempted robbery. Therefore, the evidence failed to satisfy the third requirement of Faison.
Having failed to meet all of the requirements of Faison, the evidence cannot sustain a conviction for false imprisonment. Accordingly, we reverse Taylor's conviction for false imprisonment and remand this case to the trial court to impose an amended judgment and sentence reflecting only a conviction for attempted robbery.
Reversed and remanded.
SALCINES and DAVIS, JJ., Concur.