840 So.2d 987 (2003)
STATE of Florida, Petitioner,
v.
Lorenzo SMITH, Respondent.
No. SC01-1456.
Supreme Court of Florida.
February 6, 2003.
*988 Charles J. Crist, Jr., Attorney General, and Mary G. Jolley and Kellie A. Nielan, Assistant Attorneys General, Daytona Beach, for Petitioner.
James B. Gibson, Public Defender, and Barbara C. Davis, Assistant Public Defender, Seventh Judicial Circuit, Daytona Beach, for Respondent.
WELLS, J.
We have for review Smith v. State, 785 So.2d 623, 625-26 (Fla. 5th DCA 2001), which expressly and directly conflicts with the decision in Chaeld v. State, 599 So.2d 1362, 1364 (Fla. 1st DCA 1992). We have jurisdiction. See art. V, § 3(b)(3), Fla. Const. For the reasons that follow, we quash the decision below in part and direct that respondent's false imprisonment conviction be affirmed.
The respondent was convicted by a jury of burglary of a dwelling, robbery with a weapon, and false imprisonment. The facts are more fully set forth in the district court's opinion. See Smith, 785 So.2d at 624-25. The district court agreed with the respondent's argument that the false imprisonment was incidental to and inherent in the robbery, reversed the conviction for false imprisonment, but otherwise affirmed. See id. at 625-26. Regarding the reversal of the false imprisonment conviction, the district court compared Formor v. State, 676 So.2d 1013, 1015 (Fla. 5th DCA 1996), which reversed a kidnapping conviction based on the test announced in Faison v. State, 426 So.2d 963 (Fla.1983).[1]See *989 Smith, 785 So.2d at 625-26. The district court held:
Although the state argues that Faison, which involved a kidnapping charge, should not be applied to cases involving false imprisonment charges, this court has previously done so. See Keller v. State, 586 So.2d 1258, 1261-62 (Fla. 5th DCA 1991) (reversing convictions for false imprisonment where false imprisonment was incidental to sexual battery); but see Chaeld v. State, 599 So.2d 1362 (Fla. 1st DCA 1992) (refusing to apply Faison to false imprisonment charge). Therefore, there is no real legal difference between the convictions in Formor, robbery and kidnapping, and the convictions in the instant case, robbery and false imprisonment. Although Smith did not object below to this error, the error is fundamental.
Smith, 785 So.2d at 626 (citation omitted).
The respondent was convicted of false imprisonment under section 787.02(1)(a), Florida Statutes (1997), and robbery under section 812.13, Florida Statutes (1997). Section 787.02(1)(a) defines false imprisonment as
forcibly, by threat, or secretly confining, abducting, imprisoning, or restraining another person without lawful authority and against her or his will.
Section 812.13 defines robbery as
the taking of money or other property which may be the subject of larceny from the person or custody of another, with the intent to either permanently or temporarily deprive the person or the owner of the money or other property, when in the course of the taking there is the use of force, violence, assault, or putting in fear.
Section 775.021(4)(b), Florida Statutes (1997), entitled "Rules of construction," expressly states:
The intent of the Legislature is to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction and not to allow the principle of lenity as set forth in subsection (1) to determine legislative intent. Exceptions to this rule of construction are:
1. Offenses which require identical elements of proof.
2. Offenses which are degrees of the same offense as provided by statute.
3. Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.
Because the respondent's convictions for false imprisonment and robbery do not meet the exceptions listed in section 775.021(4)(b), the convictions are separate criminal offenses committed in the course of one criminal episode. Thus, the respondent was properly convicted of both robbery and false imprisonment, and the district court erred in reversing the respondent's false imprisonment conviction.[2]
The Faison test is not applicable to false imprisonment convictions because the test was established for a particular element of the kidnapping statute that is not *990 included in the false imprisonment statute. Kidnapping is defined in section 787.01(1)(a), Florida Statutes (1997), as follows:
The term kidnapping means forcibly, secretly, or by threat confining, abducting, or imprisoning another person against her or his will and without lawful authority, with intent to:
1. Hold for ransom or reward or as a shield or hostage.
2. Commit or facilitate commission of any felony.
3. Inflict bodily harm upon or to terrorize the victim or another person.
4. Interfere with the performance of any governmental or political function.
As this Court stated in Berry v. State, 668 So.2d 967, 969 (Fla.1996), the Faison test was established because
this Court recognized that a literal interpretation of subsection 787.01(1)(a)2 would result in a kidnapping conviction for "any criminal transaction which inherently involves the unlawful confinement of another person, such as robbery or sexual battery." Thus, in an effort to limit the circumstances under which a confinement, abduction, or imprisonment will constitute kidnapping under subsection 787.01(1)(a)2, this Court in Faison adopted the test of the Supreme Court of Kansas.
Berry, 668 So.2d at 969 (emphasis added). False imprisonment does not contain a provision requiring proof of the intent to commit or facilitate commission of any felony and therefore Faison is not applicable.[3]
In State v. Lindsey, 446 So.2d 1074, 1076 (Fla.1984), this Court cited to Faison as support for upholding a false imprisonment conviction. This Court stated:
The district court ... rejected [the respondents'] other point on appeal in which they argued that their convictions for false imprisonment were reversible error because the acts of confinement were incidental to the commission of the offense of robbery or to the assault element of the aggravated burglary offense. The respondents now argue that this latter ruling by the district court of appeal was error. We disagree. The offense of false imprisonment was proved by evidence that the intruders confined the victim by tying her up with rope. It was entirely separate from the element of force exerted in committing the robbery and from the element of assault relied upon to aggravate or enhance the offense of burglary. See Faison v. State, 426 So.2d 963 (Fla.1983). Moreover, even if there were elements of factual proof common to two or more of the crimes, it is not clear that this would entitle respondents to the relief they seek since the matter of what statutory crimes were committed by the respondents' acts is purely one of legislative intent. See 775.021(4), Fla. Stat. (1979); Borges v. State, 415 So.2d 1265 (Fla.1982). We therefore approve the decision of the district court of appeal on this second issue.
Lindsey, 446 So.2d at 1076 (citation omitted). This passing reference to Faison has understandably caused some confusion.
After Lindsey, several district courts applied the Faison test to false imprisonment. *991 See, e.g., Taylor v. State, 771 So.2d 1233, 1234 (Fla. 2d DCA 2000); Rohan v. State, 696 So.2d 901, 903 (Fla. 4th DCA 1997); Keller v. State, 586 So.2d 1258, 1261-62 (Fla. 5th DCA 1991); Perez v. State, 566 So.2d 881, 884 (Fla. 3d DCA 1990). However, in Chaeld v. State, 599 So.2d 1362, 1364 (Fla. 1st DCA 1992), the court held that a jury instruction based on Faison was not applicable when a charge alleges false imprisonment. The Chaeld court held:
This so-call Faison instruction must be given upon the defendant's request whenever the state charges kidnapping with the intent to commit or facilitate the commission of a felony under § 787.01(1)(a)2. It has no application when the charge alleges that the defendant kidnapped the victim with any of the other specific intentions identified in § 787(1)(a)1, 3 or 4. See Bedford v. State, 589 So.2d 245, 251 (Fla.1991) (holding that a defendant charged with kidnapping with the intent to inflict bodily harm upon or terrorize the victim is not entitled to a Faison instruction).
Because the Faison instruction is implicated only when the state is attempting to prove a kidnapping with the intent to commit or facilitate the commission of a felony, and the crime of false imprisonment by definition and as interpreted by the supreme court in Sanborn does not require proof of such intent, we conclude that the judge properly denied the appellant's request for a Faison instruction.
Id. at 1364 (citations omitted). The Chaeld court noted that its holding possibly conflicted with other district court decisions. See id.[4]
The Chaeld court cited this Court's decision in Bedford v. State, 589 So.2d 245 (Fla.1991), in which this Court stated:
Bedford was charged with confining, abducting, or imprisoning [the victim] with the intent to "[i]nflict bodily harm upon or to terrorize" [the victim] under section 787.01(1)(a), (3), rather than with the intent to "[c]ommit or facilitate commission of any felony," under subsection 787.01(1)(a), (2). Our decision in Faison v. State, 426 So.2d 963 (Fla.1983), which held that the latter subsection does not apply to unlawful confinements or movements that were merely incidental to or inherent in the nature of the underlying felony, has no application here.
Bedford, 589 So.2d at 251 (second and fourth alterations in original). This Court's decision in Bedford clearly supports the conclusion that the Faison test does not apply to the offense of false imprisonment. False imprisonment does not include an element requiring the intent to commit or facilitate commission of a felony, and therefore Faison is not applicable to the offense of false imprisonment. If a criminal defendant can be charged with kidnapping based on intent to terrorize and also be convicted of robbery based on confinement that is inherent to both crimes, it is illogical to find that a person could not be convicted of false imprisonment and robbery when false imprisonment only requires general intent.[5] Requiring Faison to be applied to false imprisonment would effectively be writing an intent element into the false imprisonment statute in derogation of the *992 clear statutory language. Cf. McLaughlin v. State, 721 So.2d 1170, 1172 (Fla. 1998) ("[W]hen the language of the statute is clear and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction; the statute must be given its plain and obvious meaning.").
Accordingly, we quash the decision below in part, approve the decision of the First District Court of Appeal in Chaeld, 599 So.2d at 1364, and hold that the Faison test is not applicable to the offense of false imprisonment. On remand, the respondent's false imprisonment conviction should therefore be affirmed.
It is so ordered.
LEWIS and QUINCE, JJ., and HARDING, Senior Justice, concur.
PARIENTE, J., dissents with an opinion, in which ANSTEAD, C.J., and SHAW, Senior Justice, concur.
PARIENTE, J., dissenting.
I dissent because I would hold that the reasoning of Faison v. State, 426 So.2d 963 (Fla.1983), is applicable to cases of false imprisonment. Faison was intended to prevent all unlawful confinements incidental to other felonies from also being punished as kidnappings by providing a framework for analyzing whether a defendant's conduct amounts to a confinement crime separate from other felonies that inherently involve the use of force.[6] Without the Faison limitations, any felony that "inherently involves the unlawful confinement of another person, such as robbery or sexual battery," would also be a kidnapping. Mobley v. State, 409 So.2d 1031, 1034 (Fla. 1982) (emphasis supplied); see generally Berry v. State, 668 So.2d 967 (Fla.1996).
As Judge Gross explained in Rohan v. State, 696 So.2d 901, 903 (Fla. 4th DCA 1997), in concluding that the Faison test applies to false imprisonment:

Chaeld [v. State, 599 So.2d 1362, 1364 (Fla. 1st DCA 1992) ] holds that a Faison analysis does not apply to a false imprisonment charge, only to kidnapping. To reach this conclusion, the court focuses on the scienter requirement of the kidnapping and false imprisonment statutes. However, the rationale of Faison is that the conduct element of section 787.01(1)(a)"confining, abducting, or imprisoning another person against his will"must be limited to avoid a broad construction that would doubly criminalize the same conduct. Berry, 668 So.2d at 969. The false imprisonment statute, section 787.02(1)(a), Florida Statutes (1995), contains a conduct element similar to that of kidnapping; without any limitation it might apply in almost every forcible felony. For this reason, a Faison analysis is as appropriate to limit the scope of false imprisonment as it limits kidnapping.
Id. at 903 n. 1.
I agree. False imprisonment is a necessarily lesser included offense of kidnapping. *993 See State v. Sanborn, 533 So.2d 1169, 1170 (Fla.1988). Because both the kidnapping statute and the false imprisonment statute contain the same conduct element that without limitation might apply to almost every forcible crime, a Faison analysis is equally applicable to both offenses.
Similar to the kidnapping statute, a literal reading of the false imprisonment statute would turn every forcible crime into a false imprisonment, including the brief motel-room robbery in this case. See Smith v. State, 785 So.2d 623, 624 (Fla. 5th DCA 2001). The purpose of Faison is to ensure that the confinement crime is distinct from other criminal charges involving forcible felonies. For this reason, I would hold that the Faison test is as applicable to false imprisonment as it is to kidnapping.
ANSTEAD, C.J., and SHAW, Senior Justice, concur.
NOTES
[1] Under the Faison test,

[I]f a taking or confinement is alleged to have been done to facilitate the commission of another crime, to be kidnapping the resulting movement or confinement:
(a) Must not be slight, inconsequential and merely incidental to the other crime;
(b) Must not be of the kind inherent in the nature of the other crime; and
(c) Must have some significance independent of the other crime in that it makes the other crime substantially easier of commission or substantially lessens the risk of detection.
Faison, 426 So.2d at 965 (quoting State v. Buggs, 219 Kan. 203, 547 P.2d 720, 731 (1976)) (alteration in original).
[2] Convicting the respondent of both robbery and false imprisonment does not violate the Double Jeopardy Clause. See U.S. Const. amend. V; art. I, § 9, Fla. Const. "The Double Jeopardy Clause in both the state and federal constitutions protects criminal defendants from multiple convictions and punishments for the same offense." Gordon v. State, 780 So.2d 17, 19 (Fla.2001). Application of the test announced in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), codified in section 775.021, reveals that the Double Jeopardy Clause is not violated because the statutory elements of false imprisonment are different from the elements of robbery. Compare § 787.02, Fla. Stat. (1997), with § 812.13, Fla. Stat. (1997). False imprisonment is a separate offense from robbery.
[3] This Court recognized the difference between the crimes of kidnapping and false imprisonment in State v. Sanborn, 533 So.2d 1169, 1170 (Fla.1988).

A comparison of sections 787.01(1)(a) and 787.02(1)(a) reveals they are identical except for the question of intent. We find the general intent of section 787.02(1)(a) (false imprisonment) is included in the specific intent of section 787.01(1)(a) (kidnapping), consequently false imprisonment is a necessarily lesser included offense.
[4] The parties in Chaeld did not seek review of the district court's decision.
[5] Examination of the standard jury instructions for kidnapping and false imprisonment also supports the conclusion that Faison is only applicable to the offense of kidnapping. While the instruction for kidnapping requires a Faison instruction when intent to commit or facilitate the commission of a felony is alleged, the instruction for false imprisonment has no comparable language. Compare Fla. Std. Jury Instr. (Crim.) 9.1 with Fla. Std. Jury Instr. (Crim.) 9.2; see also Chaeld, 599 So.2d at 1364.
[6] Under Faison,

[I]f a taking or confinement is alleged to have been done to facilitate the commission of another crime, to be kidnapping the resulting movement or confinement:
(a) Must not be slight, inconsequential and merely incidental to the other crime;
(b) Must not be of the kind inherent to the other crime; and
(c) Must have some significance independent of the other crime in that it makes the other crime substantially easier of commission or substantially lessens the risk of detection.
Faison v. State, 426 So.2d 963, 965 (Fla. 1983); see Berry v. State, 668 So.2d 967, 969 (Fla.1996).