SHARP, W., J.
Bradsher appeals from his final judgment and sentence after he entered into a negotiated plea bargain and pled guilty to false imprisonment[1] and aggravated assault.[2] He claims that based on the Fai-son decision[3] he could not be convicted and sentenced for both false imprisonment and aggravated assault, under the facts of this case. We affirm.
We do not reach the merits of this argument because Bradsher bargained for his plea agreement with the state, which ’ was honored. As a result, he received a lenient sentence for these crimes. Under these circumstances, he waived any right to challenge his convictions and sentences. Novaton v. State, 684 So.2d 607 (Fla.1994).
Were we to reach the merits of this argument, the result would be the same. First because the Florida Supreme Court has now held that the Faison test does not apply to the offense of false imprisonment. State v. Smith, 840 So.2d 987 (Fla.2003).
Second, if Faison applied to this case, as the state, defense and trial judge thought at the time of sentencing, the record would permit the false imprisonment charge to stand. The judge held five sentencing hearings, at which the testimony of the victim, witnesses, and the defendant were taken. He concluded, and the testimonies adequately support his findings:
The false imprisonment in this case was not slight, inconsequential, and merely incidental to the aggravated assault and was not in the inherent nature of the aggravated assault, and the confinement had a significance independent of the aggravated assault, such that it made the aggravated assault substantially easier to commit, the Faison test having been met.
AFFIRMED.
THOMPSON, C.J., and ORFINGER, J., concur.

. § 787.02(l)(a), Fla. Stat. (2000).

. § 784.021, Fla. Stat. (2000).

. Faison v. State, 426 So.2d 963 (Fla.1983).