[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-14554
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 28, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 03-21773-CV-PCH

CHARLES PITTS,

Petitioner-Appellant,

versus

SECRETARY FOR THE DEPARTMENT
OF CORRECTIONS, James V. Crosby,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 28, 2005)

Before CARNES, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Charles Pitts, a Florida state prisoner proceeding *pro se*, appeals the dismissal of his federal habeas corpus petition pursuant to 28 U.S.C. § 2254. Because Pitts filed his § 2254 petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-32, 110 Stat. 1214 (1996), the provisions of the act govern this appeal. Pitts was sentenced to life imprisonment plus 35 years following his 1999 state convictions for first degree murder, attempted robbery, two counts of aggravated assault, and two counts of false imprisonment. Although Pitts asserted nine grounds in his § 2254 petition, only one of the grounds he raised, Ground 3, is at issue on appeal. In Ground 3, Pitts alleged that there was insufficient evidence to support his conviction for false imprisonment, resulting in violations of his constitutional rights under the Fifth, Sixth, and Fourteenth Amendments. We granted Pitts's request for a certificate of appealability ("COA"), limiting the COA to "[w]hether the district court erred by concluding that there was sufficient evidence to support appellant's conviction for false imprisonment, in light of *Walker v. State*, 604 So. 2d 475 (Fla. 1992)."

Pitts alleges that false imprisonment is a lesser-included offense of kidnaping, and he argues that, under *Faison v. State*, 426 So. 2d 963, 965 (Fla. 1983), kidnaping requires movement or confinement that (a) was not slight,

2

inconsequential, and merely incidental to the other crime; (b) was not of the kind inherent in the nature of the other crime; and (c) had some significance independent of the other crime in that it makes the other crime substantially easier to commit or substantially lessens the risk of detection. In the instant case, Pitts contends, the facts do not indicate that the first prong of *Faison* was met, as the movement and confinement of the victims in this case were "inconsequential and incidental to the robbery," and, thus, not significant.

Although Pitts filed objections to the findings of fact and conclusions of law in the magistrate's report and recommendation ("R&R") below, he did not object to the magistrate's findings in relation to his claim that there was insufficient evidence to support his false imprisonment convictions. Therefore, the magistrate's findings of fact as to the claim at issue, as adopted by the district court, are reviewed only for plain error, viewing the facts in the light most favorable to the prosecution to determine if a rational trier of fact could have convicted the defendant beyond a reasonable doubt. *See LoConte v. Dugger*, 847 F.2d 745, 749-750 (11th Cir. 1988); *Jackson v. Virginia*, 443 U.S. 307, 318-19, 99 S. Ct. 2781, 2788-89, 61 L. Ed. 2d 560 (1979).

The district court did not commit plain error in denying Pitts's habeas petition. The Florida Supreme Court has recently clarified that the "*Faison* test is

3

not applicable to false imprisonment convictions because the test was established for a particular element of the kidnapping statute that is not included in the false imprisonment statute." *State v. Smith*, 840 So. 2d 987, 989-90 (Fla. 2003). The *Smith* court noted that its earlier decision in *Bedford v. State*, 589 So. 2d 245, 251 (Fla. 1991), "clearly supports the conclusion that the *Faison* test does not apply to the offense of false imprisonment." *Smith*, 840 So. 2d at 991. *Smith* also precludes application of *Walker* to this case because *Walker* involved applying the *Faison* test to a kidnaping case, which, as the Florida Supreme Court has pointed out, has no bearing on a false imprisonment case such as the one before this Court. *Walker*, 604 So. 2d 475.

Furthermore, the district court's denial of Pitts's habeas petition was proper because sufficient evidence supported Pitts's conviction. According to the trial testimony, during the commission of the offense, Pitts forced the convenience store cashier to emerge from behind the counter and escorted the manager and two bystanders toward the back of the store at gunpoint. Pitts admitted in his sworn confession that, as he was pushing the manager to the back of the store, a scuffle ensued, the cashier attempted to grab Pitts's weapon, and the gun discharged, killing the cashier. From this testimony, a rational trier of fact could have determined beyond a reasonable doubt that Pitts had "forcibly, by threat . . .

4

confin[ed], abduct[ed], imprison[ed], or restrain[ed] another person without lawful authority and against her or his will," and that Pitts was, thus, guilty of false imprisonment under Florida law. *See Jackson*, 443 U.S. at 318-19, 90 S. Ct. at 2788-89; *see also* Fla. Stat. § 787.02. Because a rational jury could have found Pitts guilty of false imprisonment under Florida law, the district court's denial of Pitts's habeas petition was proper. *See Williams v. Taylor*, 529 U.S. 362, 413, 120 S. Ct. 1495, 1523, 146 L .Ed.2d 389 (2000); *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789.

Finally, to the extent that Pitts challenges the Florida Supreme Court's interpretation of the Florida statutes regarding kidnaping and false imprisonment as set forth in *Smith*, such a claim is not cognizable in a federal habeas petition. *See Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S. Ct. 475, 480, 116 L. Ed. 2d 385 (1991) (stating that "it is not the province of a federal habeas court to reexamine state-court determinations" on questions of state law, but such courts may only determine "whether a conviction violated the Constitution, laws, or treaties of the United States").

Upon consideration of the parties' briefs and review of the record, we discern no reversible error. Accordingly, we affirm the district court's denial of Pitts's § 2254 petition.

**AFFIRMED.**