566 So.2d 877 (1990)
Arlington BLYE, Appellant,
v.
The STATE of Florida, Appellee.
No. 89-2842.
District Court of Appeal of Florida, Third District.
September 11, 1990.
Bennett H. Brummer, Public Defender and Tracy A. Nichols, Special Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen. and Julie S. Thornton, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and JORGENSON and GODERICH, JJ.
SCHWARTZ, Chief Judge.
The conviction under review is reversed for a new trial because, as the state candidly conceded at oral argument, the trial court erroneously declined to excuse a juror for cause, notwithstanding his apparent lack of objectivity in the case.[1] Since the *878 issue was properly preserved below by the exhaustion of the defendant's other peremptory challenges and his unsuccessful request for an additional one, reversal is required. Hill v. State, 477 So.2d 553 (Fla. 1985); Salazar v. State, 564 So.2d 1245 (Fla. 3d DCA 1990); Jefferson v. State, 489 So.2d 211 (Fla. 3d DCA 1986), review denied, 494 So.2d 1153 (Fla. 1986); Leon v. State, 396 So.2d 203 (Fla. 3d DCA 1981), review denied, 407 So.2d 1106 (Fla. 1981).[2]
Reversed and Remanded.
NOTES
[1] The pertinent colloquy on voir dire was as follows:

JUROR SISODIA: Two friends of ours, both ladies. One was robbed on two separate occasions six months ago, and another one, I don't remember how long ago, but she was in the driveway and this man came up and grabbed her purse, hit her and ran off on a bike. In the other case a man also grabbed her purse, pushed her down and got away from the car.
MR. MURRAY: [Prosecutor] Was anybody apprehended?
JUROR SISODIA: No one was apprehended in either case. This was considered by the police as a very minor thing.
MR. MURRAY: Based on the information you know already about this case, do you feel that your opinions in this case would be swayed by what you know?
JUROR SIDODIA: Well, to be quite honest, I would have difficulty in being objective.
MR. MURRAY: Well, in what way would you have a problem in being objective?
JUROR SISODIA: Well, in these two instances, it would influence me. I would be inclined to believe that the police  I don't know, I hope that what the police  is that what they should do.
MR. MURRAY: So let me make sure that I get this correctly.
You are saying that because this person is here that therefore the police officer must be telling the truth?
JUROR SISODIA: At this stage, I am afraid I cannot stay very objective, but I think I would try to be objective. But with the incidents that I have had with my friends, I don't know. [emphasis supplied]
[2] The appellant's other claims of error involve incidents which are unlikely to recur at the new trial and therefore need not be treated here.