PER CURIAM.
Defendant appeals his conviction for bribery of a public servant, § 838.015, Fla. Stat. (1991). Based upon the trial court’s erroneous refusal to excuse a juror for cause, we reverse and remand for new trial.
The object of the alleged bribery was an assistant director of the Metropolitan Dade County Police Department. The juror in question, the mother of two young children, was a friend and neighbor of several Dade County policemen. During voir dire, the prospective juror initially stated that she could sit as an impartial juror despite her friendship with county policemen. However, during the follow-up cross-voir dire, when defense counsel inquired further as to her relationship with these officers, the following exchange occurred:
DEFENSE ATTORNEY: Are you willing to have that relationship affected in return for the public duty of serving on this jury or would you prefer not to serve on this jury because of that?
JUROR: I would prefer not to.
DEFENSE ATTORNEY: You are very honest.
So, do you think that you should not serve on this jury because perhaps you might not be able to judge this case fairly?
JUROR: Yes.
The defense, pointing out to the court that the juror herself had stated she might not be able to judge the case fairly, challenged the juror for cause. The state objected. The trial judge observed that the juror was concerned about a number of problems including baby-sitting expenses, but declined to sustain the challenge for any of the reasons advanced by the defense. Defendant’s counsel, having used all his peremptory challenges, then asked the court to grant one additional peremptory challenge. This request was likewise denied.
Considering the juror's own observation that her friendship might prohibit her from rendering an impartial verdict, the trial court’s refusal to excuse this juror was error. When any reasonable doubt exists as to whether a juror possesses the state of mind necessary to render an impartial recommendation, the juror must be excused. Garcia v. State, 570 So.2d 1082 (Fla. 3d DCA 1990); Price v. State, 538 So.2d 486 (Fla. 3d DCA 1989); see Blye v. State, 566 So.2d 877 (Fla. 3d DCA 1990); Salazar v. State, 564 So.2d 1245 (Fla. 3d DCA 1990). Clearly, the juror’s statement created a reasonable doubt as to her impartiality.
For this reason, the defendant’s conviction is reversed with directions to award him a new trial. The remaining claims do not necessarily require our disposition and therefore they are explicitly left undecided.
Reversed and remanded.