612 So.2d 632 (1993)
Donald Lee BRUCE, Appellant,
v.
The STATE of Florida, Appellee.
No. 91-2567.
District Court of Appeal of Florida, Third District.
January 12, 1993.
Bennett H. Brummer, Public Defender, and Jane D. Fishman, Sp. Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Barbara Arlene Fink, Asst. Atty. Gen., for appellee.
*633 Before BARKDULL, NESBITT and JORGENSON, JJ.

ON MOTION FOR REHEARING GRANTED
BARKDULL, Judge.
Upon further consideration of our opinion filed November 10, 1992, on Rehearing, we hereby withdraw that opinion and substitute the following:
The appellant was convicted of attempted manslaughter with a firearm; five counts of kidnapping with a firearm; robbery with a firearm; three counts of aggravated assault; and burglary with a firearm, pursuant to a jury trial. He was sentenced to life on the robbery count, fifteen years on the manslaughter count to run concurrently with a three year minimum mandatory on the attempted manslaughter, armed robbery, kidnapping, and burglary of a structure. He was sentenced to five years on the aggravated assault charge and five years on the burglary charge. The sentence on the burglary count was to run consecutively to the five concurrent life sentences on the kidnapping counts but concurrently with the sentences on the aggravated assault counts. The kidnapping sentences were to run consecutively to the sentence on the armed robbery count.
This case arose out of the robbery of the K-Mart store at 27455 S. Dixie Highway on November 24, 1989. The assistant manager closed the store at 10:00 PM. After locking the days receipts in a safe at the back of the store, the assistant manager dismissed the store security guard, Rick Day. Day left the store. He was standing outside talking to Lonnie Thompkins, the assistant manager, when he was forced back into the store by two men with a gun. The defendant was one of these men. Robert Hall, a friend of one of the employees, was also standing outside the store. They forced him into the store. When inside, the man with the gun gave it to the appellant. The two men forced Thompkins, Day, Hall, and Lynn Faith, an employee, to the back of the store where they met Karen Downs, another employee. They forced her along with all of these other people into an office where the appellant forced Thompkins to get a key to the cash room, and to open the safe, by threatening to kill him. Thompkins opened the safe and gave the two men the money. Thereafter the appellant shot him in the arm. The two men left the back of the store with the money. As they walked down the center aisle they were arrested by the police who were called by another security officer, Eddie Flornoy, who had seen them force their way into K-Mart and was suspicious of their appearance and activities. Both men were charged as previously mentioned. Williams, the codefendant was acquitted. At trial, during cross examination of the appellant, the state asked the appellant if he knew whether his codefendant had ever been convicted of a felony. Appellant objected, which was sustained and a curative instruction was given. Appellant moved for a mistrial which was denied.
On appeal the appellant contends the trial court erred in denying his motion for mistrial as the question was an improper attempt to bolster the credibility of a state's witness by contrasting his lack of a criminal record to the appellant's prior record, thereby undermining the appellant's defense and that the evidence was insufficient to support the kidnapping counts, on the authority of the recent case of Walker v. State, 604 So.2d 475 (Fla. 1992).
He also contends the trial court erred in departing from the guideline sentence of life imprisonment without stating a valid reason for departure, to which the state confesses error.
Any error in denying the motion for mistrial is purely harmless when the totality of the evidence showed the appellant was a willing participant in the crime and had committed the crime. § 924.33, Florida Statute (1991).
In reexamining the kidnapping convictions in light of Walker, we adhere to the finding that under the facts of this case that Walker is not controlling. However, we have reconsidered the kidnapping convictions in light of the three-pronged test set out in Faison v. State, 426 So.2d 963 *634 (Fla. 1983)[1] and find that the convictions for the kidnapping of Thompkins, Faith and Downs fail to meet the test of Faison and must be reversed. The kidnapping convictions of Day and Hall, however, do not appear to be of a kind inherent in the nature of the robbery offense, because they were forced into the store. This act would not have been necessary to effect a robbery of the store. Their kidnappings meet the test of Faison and are affirmed. Therefore, the kidnapping convictions of Thompkins, Faith and Downs are reversed. Because of the confession of error as to the life sentence, it is set aside and the cause is remanded for resentencing. In all other respects the trial court is affirmed.
Affirmed in part, reversed in part, remanded with directions.
NOTES
[1] According to Faison, for a kidnapping conviction to stand, the resulting movement or confinement (a) must not be slight, inconsequential, and merely incidental to the other offense; (b) must not be of the kind inherent in the nature of the other offense; and (c) must have some significance independent of the other offense in that it makes the other offense substantially easier to commit or substantially lessens the risk of detection.