652 So.2d 967 (1995)
Bobby JONES, Appellant,
v.
The STATE of Florida, Appellee.
No. 93-1048.
District Court of Appeal of Florida, Third District.
April 5, 1995.
*968 Bennett H. Brummer, Public Defender, and Howard K. Blumberg, Asst. Public Defender, and Christina A. Spaulding, Sp. Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Avi J. Litwin and Elliot B. Kula, Asst. Attys. Gen., for appellee.
Before BASKIN, JORGENSON and GREEN, JJ.

ON MOTION FOR CLARIFICATION
PER CURIAM.
We grant defendant's motion for clarification and withdraw the opinion filed January 11, 1995, and substitute the following opinion.
Bobby Jones appeals a judgment of convictions and sentences for: Counts I, II, III, robbery with a firearm; Count IV, attempted armed robbery; Counts V, VI, VII, kidnapping with a firearm; and Count VIII, burglary with a firearm. We reverse.
The charges against defendant arose from the burglary of a drug store and the robbery and kidnapping of the store employees and customers. During voir dire examination, prospective juror Carol Price stated:
[I]n the last five years I have had a car stolen, a car window smashed, and things stolen out of the car at a shopping mall. I had my utility room broken into, two separate homes, and as recent as the Saturday before Christmas someone broke into my home while my mother and children were there.
Ms. Kreeger, the prosecutor, asked if the prospective jurors could be fair despite their experience with crime or their feelings about the charged crimes. In response to that question, Ms. Price stated:
I have some difficulty. I have some difficulty with this because my  because of the recentness of the crime in my house and my mother and two little children were in the house when this robbery took place. Although knowing the way our house is set up, he happened to be in a room that is very difficult, almost impossible to hear. He was in there, okay, because it is a closed-in carport. So you know, my fears that evening, especially, well, what if he decided to walk into my house and had a gun, my family would have been wiped out.
The prosecutor stated: "Okay. I agree that  ." Ms. Price then stated "So I have some real difficulties. I am going to have difficulties, I think. I would like to be able to say  ." At that point, the court addressed the jurors as to their obligation to serve and the prosecutor attempted to rehabilitate Ms. Price.
THE COURT: Ms. Price, let me address you and the jury as a whole. No one expects this to be a pleasant experience.
MS. PRICE: Right.
THE COURT: I can assure you it won't be. But we have two basic duties that we have to perform as citizens. One is service to our country in time of war. And the other is jury duty. And it doesn't say pleasant jury duty. Okay. Go ahead, Ms. Kreeger.
MS. KREEGER: Ms. Price, if you are chosen, you hear all the evidence and you sit through all the instructions of law, would you follow the law?
MS. PRICE: I would do my very best to, yes.
MS. KREEGER: Okay.
MS. PRICE: That's all you can ask me to do.

*969 MS. KREEGER: Right.
MS. PRICE: Again, this is a very strong thing with me since it is so recent.
MS. KREEGER: Okay. But one of the instructions specifically says that you can't let feelings of anger influence your decision making, as well as a variety of other emotions. And if you took the oath to follow the law, would you do so?
MS. PRICE: I would do my best to do so, yes.
Defense counsel challenged Ms. Price for cause. When the court denied the challenge, counsel used a peremptory strike to remove Ms. Price from the panel. Subsequently, counsel used all of his challenges and requested an additional challenge to strike an objectionable prospective juror. The court denied the request and the objectionable juror served on the panel.
The state presented evidence that defendant entered a Rite-Aid store and asked store employee Garcia for three cartons of cigarettes. Defendant pointed a gun at her and demanded money when she turned to give him the cigarettes. When Garcia screamed, store manager Cory approached the front of the store. Cory asked Garcia what was wrong. When she saw defendant's gun, Cory instructed Garcia to open the registers. After defendant took the cigarettes and the money from the registers, he pointed the gun at Cory and ordered her to go to the back office. As they walked to the office, defendant saw two customers and instructed them to keep quiet and to stay in the store. Defendant then went into the office with Cory. Following Cory's unsuccessful attempts to open the safe, defendant left the office, took a purse from one of the customers and exited the store. Defendant was apprehended shortly thereafter in possession of the purse, a gun, a Rite-Aid bag and the three cartons of cigarettes. The jury found defendant guilty as charged. The court entered a judgment of convictions, adjudicated defendant a habitual violent felony offender, and imposed sentences.
First, defendant seeks reversal based on the court's denial of his motion to excuse Ms. Price for cause.
In Turner v. State, 645 So.2d 444 (Fla. 1994), the Florida Supreme Court stated well-settled law on juror competency. "The test for juror competency is `whether the juror can lay aside any bias or prejudice and render [a] verdict solely upon the evidence presented and the instructions on the law given ... by the court.' The juror should be excused if there is any reasonable doubt about the juror's ability to render an impartial verdict." Turner, 645 So.2d at 447 (quoting Lusk v. State, 446 So.2d 1038, 1041 (Fla.), cert. denied, 469 U.S. 873, 105 S.Ct. 229, 83 L.Ed.2d 158 (1984)). Furthermore, "where a juror initially demonstrates a predilection in a case which in the juror's mind would prevent him or her from impartially reaching a verdict, a subsequent change in that opinion arrived at after further questioning by the parties' attorneys or the judge is properly viewed with some skepticism." Club West Inc. v. Tropigas of Fla., Inc., 514 So.2d 426, 427 (Fla. 3d DCA 1987), review denied, 523 So.2d 579 (Fla. 1988); Singer v. State, 109 So.2d 7, 24 (Fla. 1959); Tizon v. Royal Caribbean Cruise Line, 645 So.2d 504 (Fla. 3d DCA 1994); Williams v. State, 638 So.2d 976 (Fla. 4th DCA), review granted, 648 So.2d 724 (Fla. 1994); Montozzi v. State, 633 So.2d 563, 565 (Fla. 4th DCA 1994); Price v. State, 538 So.2d 486 (Fla. 3d DCA 1989).
Here, Ms. Price apprised the court that she would have difficulty being fair and impartial in light of her numerous and recent personal experiences with crime. In response to the court's admonition that it was her duty to serve as a juror and the prosecutor's questions, she agreed to do her best to follow the law. However, those equivocal answers fail to remove the reasonable doubt raised by her initial statements. See Tizon, 645 So.2d at 504; Williams, 638 So.2d at 979; Montozzi, 633 So.2d at 565; Garcia v. State, 570 So.2d 1082 (Fla. 3d DCA 1990); Blye v. State, 566 So.2d 877 (Fla. 3d DCA 1990); Price, 538 So.2d at 489; Club West Inc., 514 So.2d at 426. Therefore, the trial court erred in failing to excuse Ms. Price for cause. This error compels reversal of the convictions: Jones exhausted all of his peremptory challenges; the court denied his request for an additional challenge; and he was forced to accept an objectionable juror. Trotter v. *970 State, 576 So.2d 691, 693 (Fla. 1990); Pentecost v. State, 545 So.2d 861 (Fla. 1989).
Second, defendant correctly contends that the trial court erred in denying his motion for judgment of acquittal of Counts V, VI and VII, for kidnapping Cory and the two customers. The state properly concedes that defendant's movement of Cory to the back office where he directed her to open the safe is indistinguishable from the facts in Bruce v. State, 612 So.2d 632 (Fla. 3d DCA 1993). In Bruce, this court reversed a kidnapping conviction holding that the movement of the victim to the store's back office where defendant ordered him to open the safe failed to meet the three-part test set forth in Faison v. State, 426 So.2d 963 (Fla. 1983). Accordingly, we reverse the conviction for kidnapping Cory. Goff v. State, 616 So.2d 551 (Fla. 2d DCA 1993). We also reverse the convictions for kidnapping the two customers. Defendant's acts of ordering the two customers to remain in the store and to keep quiet during the time Cory attempted to open the safe and until he left the store shortly thereafter reflect a slight, inconsequential confinement which was merely incidental to the robberies. Walker v. State, 604 So.2d 475 (Fla. 1992); Kirtsey v. State, 511 So.2d 744 (Fla. 5th DCA 1987). Cf. Sanborn v. State, 513 So.2d 1380 (Fla. 3d DCA 1987) (where defendant threatened victims, forced them to remain in their bed, tied them up and cut a victim before he took money and jewelry and abducted another victim from the house, kidnapping convictions upheld; confinement was not slight, inconsequential and merely incidental), approved, 533 So.2d 1169 (Fla. 1988).
Third, the trial court improperly adjudicated defendant guilty of Count II, armed robbery of Cory. The record reflects that defendant asked Garcia for several cartons of cigarettes, that he pointed a gun at her when she turned around and placed the cigarettes on the counter, and that he instructed her to give him the money from the register. Defendant took the cigarettes and the money from both registers when Garcia opened the registers after Cory told her to calm down and open them. These facts do not demonstrate the occurrence of "successive and distinctive forceful takings with a separate and independent intent for each transaction." Brown v. State, 430 So.2d 446, 447 (Fla. 1983); Lundy v. State, 614 So.2d 674 (Fla. 2d DCA 1993); Taylor v. State, 589 So.2d 997 (Fla. 1st DCA 1991), quashed on other grounds, 608 So.2d 804 (Fla. 1992). We therefore reverse Count II.
In summary, we reverse the convictions and vacate the sentences on Counts I, III, IV, and VIII and remand for a new trial solely on those counts. We reverse the convictions and vacate the sentences on Counts II, V, VI, and VII, and remand with instructions to enter a judgment of acquittal on those counts.
Reversed and remanded.