740 So.2d 587 (1999)
Morris SESSLER, Appellant,
v.
STATE of Florida, Appellee.
No. 98-866.
District Court of Appeal of Florida, Fifth District.
August 13, 1999.
*588 James B. Gibson, Public Defender, and Susan A. Fagan, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Lori E. Nelson, Assistant Attorney General, Daytona Beach, for Appellee.
GOSHORN, J.
Morris Sessler was found guilty of and sentenced for robbery with a firearm[1] and grand theft of a firearm.[2] On appeal, he argues that he should not have been adjudicated and sentenced for both offenses because they arose from a single criminal episode involving a single taking of property from a single victim. We agree and accordingly reverse the grand theft conviction.
The evidence at trial showed that Sessler, armed with a gun, entered a beverage store, confronted the clerk on duty, and took money from the cash register, the gold chain from around the clerk's neck, and the clerk's Smith & Wesson pistol. The robbery charge was based on the money and the grand theft charge was based on the pistol; no charges were specifically made based on the gold chain. Although the State contends that "the robbery of the money and the theft of the clerk's gun were two separate and distinct acts," it is clear that there was only one robbery under the facts of this case. Hence, Sessler could not have been separately convicted of robbery of the cash and robbery of the gun. See, e.g., Ward v. State, 730 So.2d 728, 729-30 (Fla. 1st DCA 1999) (double jeopardy barred separate conviction for armed robbery [of keys, purse, checkbook, and money] and armed carjacking where "there was only one `forceful taking'" and "[a]ll of the victim's property was taken as a part of the same criminal transaction or episode, without any temporal or geographic break"); Fraley v. State, 641 So.2d 128, 129 (Fla. 3d DCA 1994) (vacating one of defendant's two convictions for armed robbery where defendant took money from register and clerk's personal firearm; "Because the two acts of taking `were part of one comprehensive transaction to confiscate the sole victim's property,' only one of those convictions can stand."). Grand theft and robbery "are merely degree variants of the core offense of theft," Sirmons v. State, 634 So.2d 153 (Fla.1994), and Sessler cannot be convicted of a lesser included offense theftbased on the taking of the gun where it was part of the robbery for which he has also been convicted. The grand theft conviction is vacated.
As conceded by the State, because of the vacation of the grand theft adjudication the points for firearm possession on Sessler's scoresheet must be removed on resentencing because the only remaining offense is robbery with a firearman offense for which firearm points have already been included. See White v. State, 714 So.2d 440 (Fla.1998). Without the points for the grand theft conviction (1.2) or the firearm possession (18), Sessler faces a guidelines range of 57.6 to 96 months rather than the 72 to 120 months on the scoresheet used below. On remand, he is to be resentenced using a new scoresheet reflecting this lower range.
Sessler also challenges the imposition of two special conditions of probation that were not orally pronounced. Although this argument was not been preserved for review, see, e.g., Klarich v. State, 730 So.2d 419 (Fla. 5th DCA 1999), in light of the need for resentencing we note that on remand should the court again impose a term of probation which includes special conditions, it should orally pronounce those special conditions. See State v. Williams, 712 So.2d 762 (Fla. *589 1998); Jackson v. State, 685 So.2d 1386 (Fla. 5th DCA 1997).
REVERSED in part; REMANDED.
DAUKSCH and COBB, JJ., concur.
NOTES
[1] § 812.13(2)(a), Fla. Stat. (1995).
[2] § 812.014(2)(c), Fla. Stat. (1995).