GREEN, J.
The appellant, Thomas M. Overton, appeals his conviction and sentence for armed burglary of a dwelling, possession of burglary tools, carrying a concealed firearm, and possession of a firearm by a convicted felon, following a jury trial. He argues that the trial court erred in refusing to excuse several jurors for cause based upon their prior knowledge that he had previously been convicted of two counts of first degree murder and sen *538 tenced to death in an unrelated case. We agree and reverse.
Prior to the trial of this cause, Overton had been convicted and sentenced to die for the brutal murders of a man and his pregnant wife in a highly publicized trial. Overton’s counsel moved for a change of venue in this case because of the massive publicity in the murder case. The trial court correctly deferred a ruling on this motion until after the parties had attempted to select a jury. See Davis v. State, 461 So.2d 67, 69 n. 1 (Fla.1984). The court’s initial voir dire of the panel as. a whole revealed that eighteen prospective jurors had varying degrees of knowledge about Overton’s prior murder conviction and death sentence.[1] Following this general voir dire, the trial court and parties voir dired.each of these prospective jurors individually. Afterwards, five of them were excluded for cause because they admitted that it would be difficult for them to disregard their knowledge of the unrelated murder case. The trial court denied the appellant’s request to strike, for cause, the remaining thirteen jurors because they stated that they could be fair despite their knowledge of the murder case.
The appellant used eight of his ten peremptory challenges to strike the remaining thirteen jurors who had knowledge of the .appellant’s murder case. Thus, five prospective jurors remained. When the appellant had exhausted all ten of his peremptory challenges, the trial judge granted him one additional challenge. He used this challenge to strike yet another of the jurors who had knowledge of the murder case. The trial judge indicated that he would not grant the appellant any additional challenges. Ultimately, three of the six jurors who served in this case had some knowledge of the appellant’s murder case.[2] Each of these jurors had stated in one way or another that they could be fair and impartial. When the trial court asked if the appellant was willing to accept the jury, he renewed his request for additional peremptory challenges and the request was denied. Also, prior to the start of trial, the appellant renewed his motion to change venue. This motion was also denied.
The appellant was convicted of the first three counts and sentenced to life for the armed burglary of a dwelling charge, and ten years each on the possession of burglary tools and carrying a concealed firearm charges. This timely' appeal follows wherein the appellant argues that he was denied the right to a fair and impartial jury where the trial court failed to excuse for cause jurors who were privy to inadmissible information about his conviction and sentence for murder in an unrelated case. The state, on the other hand, argues that the trial court was well within its discretion to deny these challenges for cause where the jurors indicated their ability to disregard their prior, knowledge of the appellant’s murder conviction and base their verdict only on the law and facts of this case. We disagree.
Initially, we note that a question as to the competency of a challenged juror is one of mixed law and fact, to be determined by the trial court in its discretion. See Hill v. State, 477 So.2d 553, 556 (Fla.1985); Singer v. State, 109 So.2d 7, 22 (Fla.1959). The trial court’s discretion in this regard is not unbridled but is subject to a defendant’s right to an impartial jury under the sixth amendment of the United States Constitution and article I, section 16 of the Florida Constitution. Generally speaking, a juror must be excused for cause if there is a “basis for any reasonable doubt as to any jurors possessing that *539 state of mind which will enable him [her] to render an impartial verdict based solely on the evidence submitted and the law announced at the trial.” See Singer, 109 So.2d at 23-24; Hill, 477 So.2d at 556; Gilbert v. State, 593 So.2d 597, 598 (Fla. 3d DCA 1992); Price v. State, 538 So.2d 486, 489 (Fla. 3d DCA 1989).
In this case, where several of the jurors who served on this jury had knowledge of otherwise inadmissible[3] and highly prejudicial information about the appellant (i.e. that he was a killer condemned to death), we believe that a reasonable doubt existed as to their ability to serve as fair and impartial jurors, notwithstanding their assertions to the contrary. See Reilly v. State, 557 So.2d 1365, 1367 (Fla.1990) (although juror subsequently gave the right answers with respect to whether or not he could be impartial, it was unrealistic to expect him to entirely disregard his knowledge of a confession no matter how hard he tried). Indeed, courts have found the failure to excuse jurors who had knowledge of the defendant’s pending charges in other unrelated cases to be reversible error. See, e.g., Pender v. State, 530 So.2d 391 (Fla. 1st DCA 1988) (reversible error where jury was advised initially that defendant was to be tried for two burglaries, but was ultimately tried for only one); Wilding v. State, 427 So.2d 1069, 1070 (Fla. 2d DCA 1983) (reversible error not to strike entire panel where a prospective juror informed the entire panel that he knew that the defendant had been arrested on an unrelated charge); Kelly v. State, 371 So.2d 162 (Fla. 1st DCA 1979) (appellant’s conviction reversed where some jurors knew appellant was to be tried for another offense as well as the present one). If a prospective juror’s knowledge of other pending unrelated charges against a defendant are deemed sufficient enough to cast doubt on the jurors’ impartiality, it can hardly be concluded that a juror’s knowledge that the defendant has been sentenced to the ultimate penalty is not.
Thus, for the foregoing reasons, we conclude that the appellant was denied a fair trial by the lack of an impartial jury in this case. For that reason, we reverse his conviction and sentence and remand for a new trial.
Reversed.

. The prospective jurors knowledge ranged from knowing that Overton had been charged, tried, convicted and sentenced to death for the murder of a man and his pregnant wife to having a "faint” memory that he had been charged with a crime. .

. Of these three jurors, one of them knew that the appellant was sentenced to death for his crimes.

. If the appellant’s status as a condemned killer had inadvertently come into evidence during the course of this trial, there is no question that he would have been entitled to a mistrial.