*1189
CONFESSION OF ERROR

PER CURIAM.
Kenneth Arthur Taylor seeks the reversal of his convictions for aggravated battery and. violation of injunction, contending that the trial court erred by denying his challenge of a prospective juror for cause. Based on the State’s confession of error, with which we agree as reflected by our following observations, we reverse and remand for a new trial.
First we point out the obvious: a criminal defendant is entitled to be tried by an impartial jury. A firm principle has been established to assure such impartiality: when any reasonable doubt exists as to whether a proposed juror possesses the state of mind necessary to render an impartial verdict, the proposed juror must be excused. See Gilbert v. State, 593 So.2d 597 (Fla. 3d DCA 1992), and cases cited therein. Our review of the seventeen pages of the jury selection transcript which relate to the challenged juror reveals that the trial court made a Herculean effort to rehabilitate a lost cause. Without reiterating the colloquy we merely point out that the proposed juror vacillated from pillar to post, providing vignettes as to why he could be fair notwithstanding his preconditioning. Unfortunately (or perhaps fortunately) he leaves us reasonably in doubt as to his impartiality. A new trial is required.
Reversed and remanded.