816 So.2d 840 (2002)
Maureace DAVIS, Appellant,
v.
STATE of Florida, Appellee.
No. 1D00-4966.
District Court of Appeal of Florida, First District.
May 28, 2002.
Nancy A. Daniels, Public Defender, James C. Banks and Theresa A. Marvin, Special Assistant Public Defenders, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General, Philip W. Edwards and Thomas D. Winokur, Assistant Attorneys General, Tallahassee, for Appellee.
PER CURIAM.
The issue in this appeal is whether the trial court erred in refusing to grant a judgment of acquittal on Count V of the information alleging false imprisonment of the victim, Tambrea Green. We affirm, because the facts support the conviction.
Appellant, Maureace Davis, relying on Smith v. State, 785 So.2d 623 (Fla. 5th DCA 2001), review granted, 807 So.2d 655 (Fla.2002), and Perez v. State, 566 So.2d 881 (Fla. 3d DCA 1990), argues that he did not commit the offense of false imprisonment, because the victim was never confined or restrained, as required by section 787.02(1), Florida Statutes (1999),[1] and under Faison v. State, 426 So.2d 963 (Fla. 1983). The facts in Perez, however, are substantially similar to those at bar, and, in our judgment, support the conclusion that the lower court did not abuse its discretion in denying the motion for judgment of acquittal.
Although the court in Perez reversed the conviction of false imprisonment as to one of the three victims, who was also the victim of a robbery, it affirmed the defendant's remaining two convictions for the former offense. The court applied the test the supreme court developed in Faison to determine whether kidnaping with intent to commit a felony[2] was a separate offense than robbery, when the robber restrained or confined the victims during the robbery. The court in Perez noted that the restraint of the victims who were not robbed,
was not slight, inconsequential, or merely incidental to the other crime [robbery], and was not inherent in the crime. It had independent significance as it made the robbery [of the third victim] *841 easier to commit and substantially lessened the risk of detection. We therefore affirm as to the false imprisonment of the daughter and the housekeeper.
Perez, 566 So.2d at 883.
In the case at bar, there was no evidence that the victim, Tambrea Green, was robbed. Instead, she was a visitor in the home of the person robbed, and, during the commission of the robbery, she was restrained on a sofa while a perpetrator held a gun on her and her companions. She was told by one of the robbers to "shut up" because she was "hollering." The robbery victim testified that one man held a gun on all of them, while another was in the kitchen and others searched the house. As in Perez, the restraint of victim Green was not slight, inconsequential or incidental to the crime of robbery, and it clearly made the robbery easier to commit, while substantially lessening the risk of the robbers' detection.
In reaching our decision, we are not unaware that this court in Chaeld v. State, 599 So.2d 1362 (Fla. 1st DCA 1992), stated that the Faison test did not apply to convictions involving false imprisonment. We note, however, that the decision in Chaeld was based in part upon a portion of the false-imprisonment statute which has since been amended. Until 1993, the statute was the same as the current version quoted in footnote 1, but it included at the end of the provision this additional language: "with any purpose other than those referred to in s. 787.01," which is the kidnaping statute. Accordingly, section 787.02(1) expressly excluded the offense of confinement with intent to commit a felony under the kidnaping statute set out in section 787.01, which was the provision the court was construing in Faison. As a result, this court rejected the application of the Faison test to false-imprisonment cases.
Subsequently, the legislature deleted the above phrase from the false-imprisonment statute, leaving open the question of the applicability of the Faison test to false-imprisonment convictions. We note that the other districts apply Faison to false-imprisonment cases. See Waits v. State, 795 So.2d 237 (Fla. 5th DCA 2001), review granted, 807 So.2d 656 (Fla.2002); Stringer v. State, 783 So.2d 1153 (Fla. 4th DCA 2001); Taylor v. State, 771 So.2d 1233 (Fla. 2d DCA 2000), review denied, 790 So.2d 1108 (Fla.2001); Higgs v. State, 652 So.2d 515 (Fla. 3d DCA 1995). Nonetheless, we are not required to decide whether the Faison test is applicable because, as in Perez, appellant's conviction is sustainable even under the stringent Faison analysis.
AFFIRMED.
ERVIN, BARFIELD and VAN NORTWICK, JJ., concur.
NOTES
[1] In proscribing false imprisonment, section 787.02(1) provides: "The term `false imprisonment' means forcibly, by threat, or secretly confining, abducting, imprisoning, or restraining another person without lawful authority and against her or his will."
[2] § 787.01(1)(a)(2), Fla. Stat. (1979).