825 So.2d 490 (2002)
Tony ELOZAR, Appellant,
v.
STATE of Florida, Appellee.
No. 5D01-3273.
District Court of Appeal of Florida, Fifth District.
August 30, 2002.
*491 James B. Gibson, Public Defender, and Anne Moorman Reeves, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Robin A. Compton, Assistant Attorney General, Daytona Beach, for Appellee.
COBB, J.
Elozar was convicted of two counts of robbery, three counts of kidnapping, grand theft, and possession and improper exhibition of a firearm. He raises several points on appeal and we agree that the kidnapping convictions and the grand theft conviction must be reversed.
Elozar was one of three culprits who robbed a pawn shop. During the course of the robbery the manager, together with two other employees and two customers, were forced into an open safe and remained there until the robbers left. It was this confinement which gave rise to the kidnapping charges against Elozar.
On appeal Elozar argues that kidnapping is the "confining, abducting, or imprisoning" of another person with intent to "commit or facilitate commission of any felony." See § 787.01(1)(a), Fla. Stat. (2001). Faison v. State, 426 So.2d 963 (Fla.1983) established that confinement to facilitate another crime (e.g., robbery) can be kidnapping if it (a) is not slight, inconsequential, and merely incidental to the other crime; (b) is not inherent in the nature of the other crime; and (c) has some significance independent of the other crime that makes the crime easier to commit or substantially lessens the risk of detection. In the subsequent case of Berry v. State, 668 So.2d 967 (Fla.1996), the court construed the terminology of "slight, inconsequential, and merely incidental" to mean confinement that, while not necessary to the underlying felony, is "likely to naturally accompany it." Simply moving victims at gunpoint from one room to another during the course of a robbery, such confinement ceasing when the robber leaves, does not constitute kidnapping. Berry, 668 So.2d at 969. See also Formor v. State, 676 So.2d 1013 (Fla. 5th DCA 1996)(no kidnapping where victims ordered onto floor, then into bathroom, at gunpoint). Cf. Hankerson v. State, 717 So.2d 143 (Fla. 5th DCA 1998)(kidnapping conviction appropriate where victim was locked in back room).
In the instant case the employees and customers were forced into an open safe, and were free to come out when the armed robbers left the premises. These facts, pursuant to the applicable case law set out above, simply do not sustain kidnapping convictions.
In respect to Elozar's conviction and sentence for grand theft of the same property, taken at the same time as that which served as the basis for his robbery convictions and sentences, the state concedes error based upon principles of double jeopardy. See Sirmons v. State, 634 So.2d 153 (Fla.1994); Sessler v. State, 740 So.2d 587 (Fla. 5th DCA 1999).
We find no merit in Elozar's remaining points. Hence, we reverse his kidnapping convictions and sentences and his conviction and sentence for grand theft, and affirm his remaining convictions.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED FOR RESENTENCING.
PLEUS and PALMER, JJ., concur.