884 So.2d 1097 (2004)
Michael WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 5D03-3908.
District Court of Appeal of Florida, Fifth District.
October 22, 2004.
*1098 James B. Gibson, Public Defender, and Scott Ragan, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Pamela J. Koller, Assistant Attorney General, Daytona Beach, for Appellee.
ORFINGER, J.
Michael Williams appeals his conviction of robbery with a firearm while wearing a mask. Williams contends that the circumstantial evidence presented by the State was insufficient to sustain his conviction in light of his reasonable hypothesis of innocence. We disagree and affirm.
According to the robbery victims, three black males entered an all-night Walgreens store at 2:00 a.m. Two of the robbers were armed with firearms, while the third carried a knife. All three had their faces covered with articles of clothing. One of the robbers had on dark clothing, another was wearing tan-colored clothing and blue shoes, while the third wore dark clothes, blue jeans and red shoes. The man with dark clothes, blue jeans and red shoes held the pharmacist, Ted Khoury, at gunpoint. However, Khoury was able to activate the silent alarm when he saw the robbers approach another employee. When the robbers realized the police had been notified, they fled the store. A woolen garment, found in Walgreens, was later identified by store employees as the same item used by the robber wearing the red shoes to cover his face.
Deputy Sheriff Timothy Horne, of the Orange County Sheriff's Office, quickly responded to the Walgreens, and observed a black male, approximately 5' 8" tall, weighing about 150 pounds, wearing dark clothing, red shoes, and dreadlocks in his hair, *1099 leaving the store's front door. Horne called out to the man, who concealed his face and fled toward another shopping plaza. At the same time, Horne heard a car engine start. Horne radioed dispatch a description of the fleeing man and his direction of travel, together with a description of the car and its direction of travel. Horne saw no one else leave the Walgreens store.
Based on Horne's radio dispatch, Deputy Sheriffs Timothy Warren and Vernon Brown and their police dogs, tracked the man with dreadlocks, later identified as Appellant, Williams, to a nearby pond. Williams was found wet and wearing only boxer shorts. Deputy Brown also located a pair of red shoes and dark-colored pants at the edge of the pond where Williams was found.
Detective David Phelan interviewed Williams after advising him of his Miranda[1] rights. Williams first claimed he was in the area because he had been at a club next to Walgreens. Williams then changed his story, stating that he had been with a girl in a nearby housing area, but he did not know the girl's name. Nor could he recall the last name of his cousin, who had allegedly dropped him off at the girl's house. Finally, Williams explained that he ran from police because he believed he had an outstanding warrant (there was no such warrant), and he was wearing only his boxer shorts because his clothes came off in the water. Williams, who wore dreadlocks at the time, told the detective that he was 5' 10" tall and weighed 150 pounds.
Williams contends that he presented a reasonable hypothesis of innocence. Specifically, Williams claims that his trial testimony established that he was in a secluded area near the Walgreens store for the purpose of engaging in sexual activity with a woman. He fled upon observing the police because he believed he had an outstanding warrant. The State responds by arguing that Williams's hypothesis of innocence was not reasonable and was in conflict with the State's evidence. We agree.
On appeal, we review a motion for judgment of acquittal de novo. See Pagan v. State, 830 So.2d 792, 803 (Fla.2002); Tibbs v. State, 397 So.2d 1120 (Fla.1981). An appellate court will generally not reverse a conviction that is supported by substantial, competent evidence. See Donaldson v. State, 722 So.2d 177 (Fla.1998); Terry v. State, 668 So.2d 954, 964 (Fla.1996). If, after viewing the evidence in the light most favorable to the State, a rational trier of fact could find the existence of the elements of the crime beyond a reasonable doubt, then there is sufficient evidence to sustain a conviction. See Banks v. State, 732 So.2d 1065 (Fla.1999).
When the State's case is wholly circumstantial, however, there must not only be sufficient evidence establishing each element of the offense, but the evidence must also be inconsistent with the defendant's reasonable hypothesis or hypotheses of innocence. See Pagan; Orme v. State, 677 So.2d 258 (Fla.1996). The function of the trial court when addressing a motion for judgment of acquittal in a case comprised solely of circumstantial evidence is "to determine whether there is prima facie inconsistency between (a) the evidence, viewed in the light most favorable to the State and (b) the defense theory or theories." Orme, 677 So.2d at 262. The finding of the trial court in this regard is reversible on appeal only when unsupported by competent substantial evidence. Id. If there is an inconsistency, then it is for the finder of fact to resolve whether *1100 the evidence proves the defendant's guilt. Thus, the appellate standard of review is not whether the evidence failed to exclude every reasonable hypothesis of innocence, but whether there was substantial competent evidence for a jury to so decide. Moore v. State, 790 So.2d 489, 490 (Fla. 5th DCA 2001).
Although the evidence offered by the State and the defense theory were arguably inconsistent, Williams's conviction is supported by competent, substantial evidence. As such, the inconsistency was for the finder of fact to resolve. Finding no error, we affirm.
AFFIRMED.
PALMER and TORPY, JJ., concur.
NOTES
[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).