931 So.2d 967 (2006)
Shaun D. FREDERICK, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D04-2215.
District Court of Appeal of Florida, Third District.
May 24, 2006.
*968 Bennett H. Brummer, Public Defender and Marti Rothenberg, Assistant Public Defender, for appellant.
Charles J. Crist, Jr., Attorney General and Linda S. Katz, Assistant Attorney General, for appellee.
Before GREEN, RAMIREZ, and SHEPHERD, JJ.
GREEN, J.
After a jury trial, appellant Shaun D. Fredrick was convicted and sentenced for armed burglary, two counts of kidnapping with a firearm, armed robbery with a firearm and resisting an officer without violence, all stemming from an after-hours break-in of a McDonald's restaurant. On this appeal, Frederick raises three issues.
First, he asserts that the trial court erred in denying his motion for judgment of acquittal because the circumstantial evidence was insufficient, beyond a reasonable doubt, to establish his identity as one of the perpetrators of these charges and failed to exclude the reasonable hypothesis of innocence. We disagree. Based upon our careful review of the record evidence, we conclude that the motion for judgment of acquittal was properly denied because the circumstantial and forensic evidence, viewed in the light most favorable to the state, refuted the appellant's reasonable hypothesis of innocence. See Orme v. State, 677 So.2d 258, 261 (Fla.1996); State v. Law, 559 So.2d 187, 189 (Fla.1989). See also Williams v. State, 884 So.2d 1097, 1099 (Fla. 5th DCA 2004).
As his second point on appeal, Frederick argues that his conviction and sentence for two counts of kidnapping cannot stand because his movement and confinement of two McDonald's employees to a freezer was slight, inconsequential, and incidental to the other felony of robbery. We agree.[1]
*969 The trial evidence established that three men broke into the restaurant. One of the men was armed; he ordered the manager into the office to open the safe. As this was occurring, a second perpetrator ordered two other employees to get down on the floor. Immediately thereafter, the third perpetrator ordered these two employees to get up and walk into the freezer. The two employees did so and were told to stay there. The door was then closed behind them. After the manager gave the armed perpetrator the money from the safe, all three robbers fled the restaurant. The manager then advised the two employees in the freezer that they could come out. The two employees pushed the freezer door open and came out.
In essence, the state's evidence in support of the kidnapping charges in this case consisted of the fact that the perpetrator ordered two restaurant employees to go into the freezer, closed the door behind them, and told them to remain in there. This evidence is insufficient, as a matter of law, to sustain the kidnapping convictions. Section 787.01, Florida Statutes (2000), defines "kidnapping" as follows:
(1)(a) The term "kidnapping" means forcibly, secretly, or by threat confining, abducting, or imprisoning another person against her or his will and without lawful authority, with intent to:
1. Hold for ransom or reward or as a shield or hostage.
2. Commit or facilitate commission of any felony.
3. Inflict bodily harm upon or to terrorize the victim or another person.
4. Interfere with the performance of any governmental or political function.
In Faison v. State, 426 So.2d 963 (Fla. 1983), the Supreme Court recognized that a literal interpretation of subsection 787.01(1)(a)2 would lead to a kidnapping conviction for "any criminal transaction which inherently involves the unlawful confinement of another person, such as robbery or sexual battery." Faison, 426 So.2d at 966 (quoting Mobley v. State, 409 So.2d 1031, 1034 (Fla.1982)). To circumvent this, the Faison court adopted the following three-prong test to determine whether the defendant's acts are incidental to a primary charge or constitute the separate crime of kidnapping:
If a taking or confinement is alleged to have been done to facilitate the commission of another crime, to be kidnapping the resulting movement or confinement:
(a) Must not be slight, inconsequential and merely incidental to the other crime;
(b) Must not be of the kind inherent in the nature of the other crime; and
(c) Must have some significance independent of the other crime in that it makes the other crime substantially easier of commission or substantially lessens the risk of detection.
426 So.2d at 965 (quoting State v. Buggs, 219 Kan. 203, 216, 547 P.2d 720, 731 (1976)). See Berry v. State, 668 So.2d 967 (Fla.1996). All three prongs must be satisfied to support a kidnapping conviction. Richardson v. State, 875 So.2d 673, 677 (Fla. 1st DCA 2004); Cathcart v. State, 643 So.2d 702, 703 (Fla. 4th DCA 1994).
We must reverse the kidnapping convictions in the instant case because the evidence adduced at trial does not support the first prong of Faison. See Walker v. State, 604 So.2d 475, 476 (Fla.1992)("Because the movement and confinement were slight, inconsequential, and merely incidental to the robberies [the defendant] cannot *970 be convicted of kidnapping."). See also Elozar v. State, 825 So.2d 490, 491 (Fla. 5th DCA 2002); Bruce v. State, 612 So.2d 632, 634 (Fla. 3d DCA 1993); McCutcheon v. State, 711 So.2d 1286, 1289 (Fla. 4th DCA 1998); Formor v. State, 676 So.2d 1013, 1014 (Fla. 5th DCA 1996); Wilcher v. State, 647 So.2d 1013 (Fla. 4th DCA 1994); Friend v. State, 385 So.2d 696, 697 (Fla. 1st DCA 1980). In Berry v. State, the Supreme Court construed the first Faison prong to mean that "there can be no kidnapping where the only confinement involved is the sort that, though not necessary to the underlying felony, is likely to naturally accompany it." 668 So.2d at 969. The court went on to point out:
For example, if Berry and the others had confined the victims by simply holding them at gunpoint, or if the robbers had moved the victims to a different room in the apartment, closed the door, and ordered them not to come out, the kidnapping conviction could not stand. In both hypotheticals, any confinement accompanying the robbery would cease naturally with the robbery. By contrast, in this case the robbers left the scene of the robbery without untying the victims, thereby leaving them both in a precarious and vulnerable state for a period beyond the robbery. Like the situation where the victim of a forcible felony is barricaded or locked in a room or closet, the confinement continued even after the robbery had ceased. This is not the sort of confinement that is incidental to robbery.
Id. (emphasis added).
Thus, in this case, where the victims were merely ordered into the freezer and told to remain in there with the door closed during the course of the robbery, the appellant's convictions and sentences for kidnapping cannot stand and must be vacated. The victims' confinement ceased once the robbers left the restaurant and the manager alerted them that they were free to come out of the freezer. See Berry. We conclude that their confinement was the sort of confinement likely to naturally accompany the underlying robbery felony. Id.; see McCutcheon, 711 So.2d at 1289.
For his final issue on this appeal, the appellant challenges his conviction and sentence for one of his kidnapping charges on the grounds that the victim failed to testify and this victim's identity was not otherwise established at trial. Given our reversal of this kidnapping conviction and sentence, this issue is rendered moot.
Thus, for all of the foregoing reasons, we reverse the two armed kidnapping convictions and sentences, and remand with directions that they be vacated. In all other respects, we affirm.
Reversed and remanded in part and affirmed in part.
NOTES
[1] Although this argument was not made below, the State commendably concedes that if the evidence adduced was legally insufficient to constitute a kidnapping, this issue may be raised as fundamental error. Sanders v. State, 905 So.2d 271, 273 (Fla. 2d DCA 2005) (lack of preservation is not a bar to relief "when the evidence is insufficient to show that a crime was committed at all.... `[A] conviction imposed upon a crime totally unsupported by evidence constitutes fundamental error.'")(citing F.B. v. State, 852 So.2d 226, 230 (Fla.2003)).