939 So.2d 1095 (2006)
ADRIAN KEVIN GRAY, SR., Appellant,
v.
STATE OF FLORIDA, Appellee.
Case No. 1D05-3476.
District Court of Appeal of Florida, First District.
Opinion filed September 13, 2006.
Nancy A. Daniels, Public Defender, and Richard M. Summa, Assistant Public Defender, Tallahassee, for Appellant.
Charlie Crist, Attorney General, Robert R. Wheeler, Chief  Criminal Appeals, and Carolyn J. Mosley, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Adrian Gray appeals his conviction for kidnapping and sentence as a prison releasee reoffender (PRR), contending that the trial court erred by (I) failing to enter judgment of acquittal, because the state failed to prove that he kidnapped the victim, (II) failing to grant his motion to suppress evidence, and (III) finding him to be a PRR. We affirm on Issues II and III without comment, but reverse his conviction for kidnapping, because the evidence did not prove that Gray had confined the victim in any degree that exceeded the parameters of the robbery.
In Faison v. State, 426 So. 2d 963 (Fla. 1983), the supreme court ruled that if a victim is confined for the purpose of facilitating the commission of another crime, the confinement, to constitute the separate offense of kidnapping,
(a) Must not be slight, inconsequential and merely incidental to the other crime; (b) Must not be the kind inherent in the nature of the other crime; and (c) Must have some significance independent of the other crime in that it makes the other crime substantially easier of commission or substantially lessens the risk of detection.
Id. at 965 (quoting Kansas v. Buggs, 547 P.2d 720, 731 (Kan. 1976)).
The evidence at trial discloses that Gray entered a convenience store in Fernandina Beach on February 24, 2004, at around 11:00 p.m., wearing a mask. He seized the clerk by the hair, threatening to blow her head off if she tried to do anything. He continued to pull the victim by her hair to the office where the keys were located, then pulled her by the hair to the front door and ordered her to lock it. Leaving the keys in the front door, Gray forced her behind the counter and ordered her to open the two registers. He then took money from each, and directed the victim to lie face down between the registers and open the safe. She replied she could not open it, but she did retrieve two bills from the money drop. Gray then ordered her to remove all of her clothing except her undergarments. He further advised her he had a friend inside the store, and if she attempted to leave, the friend would blow her head off. The clerk heard him walk around the counter, heard the keys jingle, then the doorbell, and after listening for another 20 seconds, she pushed the panic button to notify the police, called 911, and dressed herself. The clerk reported that the robber took a large set of store keys, but he did not lock the door when he left. Neither did he make any sexual advances toward her, nor threaten her sexually.
In our judgment the above facts do not satisfy the Faison test to support a separate conviction for kidnapping, because Gray's movement and confinement of the clerk were incidental to the robbery and ceased once he left the store. See Berry v. State, 668 So. 2d 967, 969 (Fla. 1996) (observing that binding the victims satisfied the Faison test, whereas if the robbers had simply held the victims at gunpoint, or had confined them in a room and ordered them not to leave, such confinement would cease naturally with the robbery); Walker v. State, 604 So. 2d 475, 477 (Fla. 1992) (lying down or moving to the back of the store during a robbery was "slight, inconsequential, and merely incidental to the robberies"); McCutcheon v. State, 711 So. 2d 1286 (Fla. 4th DCA 1998) (ordering victim into a storeroom where the safe was located, and beating her because she would not open the safe, did not extend beyond commission of the robbery); Formor v. State, 676 So. 2d 1013 (Fla. 5th DCA 1996) (confining victims to motel bathrooms with threats to kill them if they came out was incidental to the robberies); Elozar v. State, 825 So. 2d 490, 491 (Fla. 5th DCA 2002) (confining employees in an open safe during robbery was not kidnapping, because they were "free to come out when the armed robbers left the premises"); Frederick v. State, 931 So. 2d 967 (Fla. 3d DCA 2006) (confining two employees in a closed freezer for duration of the robbery was insufficient to establish kidnapping).
In the case at bar, Gray violently dragged the victim around the store for the purpose of finding the keys that would open the cash register and safe and lock the door. While Gray made threats on her life, he did not bind her. Notwithstanding his directions to the clerk requiring her to lock the store and remove her clothes, such acts did not extend beyond the actual commission of the robbery, because when Gray left the store, the door was unlocked with the victim's clothes inside, thereby enabling her to dress immediately. As such, her confinement did not exceed the scope of the robbery.
Although we acknowledge that forcing the victim to undress appears to satisfy the third Faison requirement, because Gray may have believed it would make his escape easier, by slowing her ability to go outside the store and observe the route of his departure, such act was rendered incidental to the robbery due to his leaving the clothing accessible to her. Thus, the disrobing was comparable to placing her in a separate room and closing the door with orders for her not to come out, which the court ruled in Berry was not kidnapping, because such confinement would "cease naturally with the robbery." Berry, 668 So. 2d at 969. If Gray had taken or hidden the victim's clothing, the disrobing would be more comparable to tying her up and leaving her "in a precarious and vulnerable state for a period beyond the robbery." Id.
We therefore reverse the kidnapping conviction and remand the case with directions for the trial court to impose the lesser-included offense of false imprisonment. § 924.34, Fla. Stat. (2004). "False imprisonment" is defined as "forcibly, by threat, or secretly confining, abducting, imprisoning, or restraining another person without lawful authority and against her or his will." § 787.02(1)(a), Fla. Stat. (2004) (emphasis added). In contrast, "kidnapping" is defined as "forcibly, secretly, or by threat confining, abducting, or imprisoning another person against his or her will and without lawful authority," with specific intent to commit another offense. § 787.01(1)(a), Fla. Stat. (2004). Merely "restraining" one's victim is not included in the definition of kidnapping. By dragging the victim around the store by her hair, locking the door, and forcing her to disrobe, Gray forcibly restrained the victim against her will. See, e.g., Davis v. State, 816 So. 2d 840 (Fla. 1st DCA 2002) (affirming conviction for false imprisonment based upon evidence that the victim was restrained on a sofa and told to "shut up" by a man holding a gun on her while other perpetrators robbed another person inside the house).
AFFIRMED IN PART, REVERSED IN PART, and REMANDED for resentencing.
ERVIN, WEBSTER, and HAWKES, JJ., CONCUR.
NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING AND DISPOSITION THEREOF IF FILED.