942 So.2d 1010 (2006)
Armistar J. COLE, Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-5704.
District Court of Appeal of Florida, Second District.
December 6, 2006.
*1011 James Marion Moorman, Public Defender, and Richard J. Sanders, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Richard M. Fishkin, Assistant Attorney General, Tampa, for Appellee.
STRINGER, Judge.
Armistar Cole appeals his convictions and sentences for armed robbery and armed kidnapping. Because Cole raised no issues on appeal as to the armed robbery conviction, we affirm that conviction without comment. However, we agree that the evidence presented at trial was legally insufficient to sustain the conviction for armed kidnapping. Therefore, we reverse that conviction and remand with instructions to enter a judgment for false imprisonment with a firearm.
At trial, the evidence showed that the victim and her husband owned a Dollar Store, which Cole had patronized on several occasions. On July 8, 2003, the victim was working in the store when Cole came in to buy some candy. Cole approached the cash register and put money on the counter. When the victim opened the cash register to make change, Cole jumped over the counter and grabbed her by the neck. After a brief struggle, Cole pulled out a handgun. While holding the gun, he took money from the cash register, the victim's purse, which had been behind the counter, and a DVD player. He also forced the victim to open a file cabinet that was behind the counter, apparently thinking it might contain additional cash. After finding no money in the file cabinet, Cole pointed the gun at the victim and told her to "get in the bathroom and to stay there."
The victim walked approximately ten feet to the bathroom and closed the door. Cole did not lock the victim in the bathroom and did not block the door. Two to three minutes later, the victim heard a chime that indicated the front door had been opened. At that point, she opened the bathroom door and found that Cole was gone. She then immediately called the police.
At the close of the State's case, Cole moved for a judgment of acquittal on the kidnapping count, arguing the State had failed to prove a prima facie case of kidnapping because the distance from the cash register to the counter was short and the victim was not locked in the bathroom. The trial court denied the motion. After the jury convicted Cole on the kidnapping charge, Cole filed a motion for new trial arguing that the evidence on that charge was legally insufficient because "the victim was ordered into the bathroom only a few feet away, and was not confined by [Cole]." The trial court denied that motion as well. Cole now raises the same issue in this appeal.
Section 787.01(1)(a), Florida Statutes (2003), defines the term "kidnapping" as:
forcibly, secretly, or by threat confining, abducting, or imprisoning another person against her or his will and without lawful authority, with intent to:

*1012 * * * *
(2) Commit or facilitate commission of any felony.
While this statutory definition appears straightforward, the supreme court has recognized that "a literal interpretation of subsection 787.01(1)(a)2 would result in a kidnapping conviction for `any criminal transaction which inherently involves the unlawful confinement of another person, such as robbery or sexual battery.'" Berry v. State, 668 So.2d 967, 969 (Fla.1996) (quoting Mobley v. State, 409 So.2d 1031, 1034 (Fla.1982)). Thus, to limit the reach of the kidnapping statute, the supreme court adopted a three-part test in Faison v. State, 426 So.2d 963 (Fla.1983). Under the Faison test,
[I]f a taking or confinement is alleged to have been done to facilitate the commission of another crime, to be kidnapping the resulting movement or confinement:
(a) Must not be slight, inconsequential and merely incidental to the other crime;
(b) Must not be of the kind inherent in the nature of the other crime; and
(c) Must have some significance independent of the other crime in that it makes the other crime substantially easier of commission or substantially lessens the risk of detection.
Faison, 426 So.2d at 965 (quoting State v. Buggs, 219 Kan. 203, 547 P.2d 720, 731 (1976)).
In applying the elements of the Faison test, Florida courts have repeatedly held that simply moving a robbery victim at gunpoint from one room to another, even if a door is closed and the victim is ordered not to come out, is insufficient as a matter of law to sustain a conviction for kidnapping. See, e.g., Berry, 668 So.2d at 969; Goff v. State, 616 So.2d 551, 552 (Fla. 2d DCA 1993); Frederick v. State, 931 So.2d 967, 969-70 (Fla. 3d DCA 2006); Elozar v. State, 825 So.2d 490, 491 (Fla. 5th DCA 2002). In reaching this conclusion, the courts have determined that such movement is likely to be involved in any robbery, and there can be no kidnapping when "the only confinement involved is the sort that, though not necessary to the underlying felony, is likely to naturally accompany it." Berry, 668 So.2d at 969.
Thus, for example, in Friend v. State, 385 So.2d 696, 697 (Fla. 1st DCA 1980), the defendant, while carrying a firearm during the robbery of an office building, ordered three employees into a bathroom and commanded them to "stay there." Although the bathroom door was shut during the robbery, the employees opened the door within five minutes and discovered that the defendant had departed. The court reversed the kidnapping convictions, holding that this evidence was legally insufficient to support a kidnapping conviction because the confinement was of minimal duration and was inherent in the nature of the robbery. Id.
Similarly, in Frederick, one robber ordered the restaurant manager to open the safe while another robber ordered two employees at gunpoint to walk into a freezer. 931 So.2d at 969. The two employees did so and were told to stay there. The robber then closed the door to the freezer. After the robbers left, the manager told the employees they could come out, and they did so. In reversing the kidnapping convictions arising from the "confinement" of the two employees, the court stated:
In essence, the state's evidence in support of the kidnapping charges in this case consisted of the fact that the perpetrator ordered two restaurant employees to go into the freezer, closed the door behind them, and told them to remain in there. This evidence is insufficient, as a matter of law, to sustain the kidnapping convictions.
Id.
The evidence in this case, like the evidence in Frederick and Friend, is insufficient *1013 as a matter of law to support the kidnapping conviction against Cole. The movement of the victim in this case was of minimal duration and occurred at the very end of the robbery. It was the type of movement that was likely to naturally accompany a robbery, and the "confinement" ceased naturally with the robbery. Thus, the State's evidence was legally insufficient to support the kidnapping charge.
That said, however, the evidence presented was sufficient to support a conviction for false imprisonment. Section 787.02(1)(a) defines false imprisonment as "forcibly, by threat, or secretly confining, abducting, imprisoning, or restraining another person without lawful authority and against her or his will." The Faison test does not apply to the offense of false imprisonment. State v. Smith, 840 So.2d 987, 990 (Fla.2003).
Here, the evidence did establish that Cole restrained the victim against her will by forcing her at gunpoint into the bathroom. This evidence is sufficient to support a conviction for false imprisonment with a firearm. See, e.g., Sanders v. State, 905 So.2d 271 (Fla. 2d DCA 2005) (reversing kidnapping conviction and remanding for entry of judgment for lesser offense of false imprisonment when evidence showed that victim was confined inside her apartment for three hours during sexual battery); Gray v. State, 939 So.2d 1095 (Fla. 1st DCA 2006) (reversing kidnapping conviction and remanding for trial court to enter judgment for false imprisonment based on evidence that the robber dragged store clerk throughout the store during robbery but never bound her or otherwise confined her); Davis v. State, 816 So.2d 840 (Fla. 1st DCA 2002) (affirming conviction for false imprisonment based on evidence that victim was restrained on sofa by defendant holding a gun on her and telling her to "shut up"). Accordingly, we reverse Cole's conviction for armed kidnapping and remand with directions to the trial court to enter a judgment for false imprisonment with a firearm, see § 924.34, Fla. Stat. (2003), and to resentence Cole accordingly.
Affirmed in part; reversed in part; and remanded with directions.
WHATLEY and CANADY, JJ., Concur.